ROBERT BRODERSEN, APPELLEE, V. TRADERS INSURANCE COMPANY, APPELLANT.

523 N.W.2d 24

Filed October 14, 1994.   No. S-93-256.

Thomas M. Locher and Stephen G. Olson II, of Hansen, Engles & Locher, P.C., for appellant.

Lee R. Terry and Warren C. Schrempp for appellee.

HASTINGS, C.J., WHITE, CAPORALE, FAHRNBRUCH, and LANPHIER, JJ., and BOSLAUGH, J., Retired.

WHITE, J.

Robert Brodersen brought suit against defendant, Traders Insurance Company, for damages and injuries he sustained in a collision between the car Brodersen was operating on Ames Street in Omaha and a car following his auto and operated by Thurston S. Temple, who was uninsured. Traders was a named defendant as it had issued an automobile liability policy with underinsured coverage to Brodersen. A jury returned a verdict for Brodersen in the amount of $25,000. Traders appeals. We affirm.

The errors assigned fit into four general categories: (1) Brodersen's failing to introduce the policy of insurance required the dismissal of the petition for failure to prove a prima facie case; (2) the court's allowing the jury to consider life expectancy of Brodersen in assigning damages; (3) the court's giving a supplemental instruction to the jury outside the presence of counsel; and (4) the court's granting an attorney fee.

We will discuss the errors in order. Paragraph 6 of plaintiff's petition states "[t]hat the defendant Traders Insurance Company issued an automobile liability insurance policy to Robert Brodersen which was in effect and valid at the time of the collision. That the Traders Insurance policy issued to Robert Brodersen included uninsured motorist coverage." Traders' answer recites that

> [t]he defendant Traders Insurance Company admits that it issued an automobile liability insurance policy to Robert R. Brodersen, Jr., which was in effect and valid on June 23, 1989. The defendant further alleges that the aforementioned insurance policy issued to Robert R. Brodersen, Jr., included uninsured motorist coverage. The defendant denies the remaining allegations contained in paragraph 6, except those which constitute admissions against the plaintiff's interest.

Neb. Rev. Stat. § 60-509.01 (Reissue 1993) provides in relevant part:

> No policy insuring against loss resulting from liability

imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in section 60-509, under provisions approved by the Director of Insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and hit-and-run motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom . . . .

Neb. Rev. Stat. § 60-509 (Reissue 1993) defines the minimum limitation of an insurer's liability under an uninsured motorist policy. See *Kracl v. Aetna Cas. & Surety Co.*, 220 Neb. 869, 374 N.W.2d 40 (1985). Section 60-509 provides in relevant part that "[e]very such policy or bond is subject, if the accident has resulted in bodily injury, sickness, disease, or death, to a limit, exclusive of interest and costs, of not less than twenty-five thousand dollars because of bodily injury to or death of one person in any one accident . . . ." Consequently, because Traders failed to plead a policy defense, the Nebraska statutes supply the terms of Traders' policy. The district court properly denied Traders' motion for a directed verdict.

Dr. James P. O'Hara, an orthopedic specialist, testified that Brodersen incurred a permanent impairment of the back as a result of the collision and that the pain resulting therefrom was permanent. Traders fails to point out why an instruction as to life expectancy was not appropriate. The assigned error is patently without merit.

As to the third assigned error,

"It is error to give an instruction to a jury after it has retired to deliberate out of the presence of the parties and their counsel, but if it clearly appears that prejudice did not and could not flow therefrom, this is error without prejudice and not ground for reversal."

*In re Estate of Corbett*, 211 Neb. 335, 340, 318 N.W.2d 720, 724 (1982).

The jurors' requests were set forth: "What are the limits on the uninsured motorist policy? Have they (Trader's) [sic] paid on any car, medical, etc. claim regarding Rudy[?] Who has paid the medical bills? How much?" The court's written response was as follows: "You are not entitled to know the limits on the uninsured motorist policy. You are not entitled to know if Traders paid on any claim. The bills were not submitted in evidence, and are not an issue in the case."

Since the trial court merely refused to answer the jury's questions, no prejudice appears, nor has Traders pointed out the damage to its cause, if any. In addition, it appears from the court's notes that the answers to the jury's questions were by agreement of the parties. The correctness of this is not disputed by Traders. The error, if any, was invited, and Traders should not properly raise it. The error assigned has no merit.

Finally, Traders argues that the district court committed reversible error by granting attorney fees under Neb. Rev. Stat. § 44-359 (Reissue 1993) in excess of Traders' contractual obligation. Section 44-359 provides in relevant part:

> In all cases when the beneficiary or other person entitled thereto brings an action upon any type of insurance policy . . . against any company, person, or association doing business in this state, the court, upon rendering judgment against such company, person, or association, shall allow the plaintiff a reasonable sum as an attorney's fee in addition to the amount of his or her recovery, to be taxed as part of the costs. If such cause is appealed, the appellate court shall likewise allow a reasonable sum as an attorney's fee for the appellate proceedings . . . .

The amount of attorney fees awarded under § 44-359 is a matter within the trial court's discretion. *Adams Bank & Trust v. Empire Fire & Marine Ins. Co.*, 244 Neb. 262, 506 N.W.2d 52 (1993). As stated previously, § 60-509 provides that "[e]very such policy or bond is subject, if the accident has resulted in bodily injury, sickness, disease, or death, to a limit, *exclusive of interest and costs*, of not less than twenty-five thousand dollars because of bodily injury to or death of one person in any one accident . . . ." (Emphasis supplied.) Attorney fees are costs

awarded to prevailing parties; attorney fees are not damages, either compensatory or punitive in nature. Indeed, the express language found in § 44-359 provides for a "reasonable . . . attorney's fee *in addition to the amount of [the plaintiff's] recovery, to be taxed as part of the costs.*" (Emphasis supplied.) Therefore, even if Traders' liability was only $25,000, the statutorily mandated minimum, Traders would nevertheless be liable above that amount for any reasonable amount of interest, costs, and attorney fees. As a result, the district court properly ordered Traders to pay attorney fees to Brodersen's counsel.

We affirm the district court's decision and award Brodersen $3,480 as an attorney fee in this court.

AFFIRMED.

WRIGHT, J., participating on briefs.
FAHRNBRUCH, J., concurs in the result.