MIKE SALKIN, ASSIGNEE, APPELLEE, V.
TERRY JACOBSEN, APPELLANT.
641 N.W.2d 356

Filed March 29, 2002.   No. S-00-872.

522

Michael J. Matukewicz and John G. Liakos, of Liakos & Associates, for appellant.

Patrick M. Ford for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

STEPHAN, J.

Neb. Rev. Stat. § 25-824 (Reissue 1995) authorizes a court, on its own motion or that of a party, to order a party or attorney who asserts a frivolous or bad faith claim or defense in a civil action to pay the opposing party's reasonable attorney fees and court costs. The statute does not however specify the time in which a motion for such an order must be made. That issue is presented in this appeal as a matter of first impression.

## BACKGROUND

Mike Salkin, as the assignee of Trustland Company, brought this action in the county court for Douglas County against Terry Jacobsen to recover a real estate commission in the amount of

$2,098.60, which Jacobsen allegedly owed to Trustland. The county court sustained Jacobsen's demurrer and dismissed the action with prejudice in its order filed on May 21, 1996. Salkin perfected a timely appeal to the district court for Douglas County.

While the appeal was pending, Jacobsen filed a motion in the county court seeking attorney fees pursuant to § 25-824, based upon allegations that the lawsuit was frivolous. The county court declined to consider the motion based upon its determination that it lacked jurisdiction because of the pending appeal. On October 11, 1996, the district court affirmed the judgment of dismissal and issued its mandate directing the county court to enter judgment in accordance with its decision.

On November 22, 1996, Jacobsen filed another motion for attorney fees in the county court. It is this motion which is the subject of this appeal. In his motion, Jacobsen again sought an award of attorney fees and costs against Salkin and his attorney pursuant to § 25-824 on grounds that the action was frivolous and interposed solely for the purpose of harassment. In an affidavit filed with the motion, Jacobsen's attorney stated that he and members of his firm had devoted 44.8 hours to the case and related proceedings from June 2, 1994, through August 12, 1996, which, at an hourly rate of $90, resulted in a fee of $4,032. The attorney also claimed to have advanced unspecified costs in the amount of $79.09.

Salkin filed a special demurrer challenging the jurisdiction of the county court to adjudicate the motion following the mandate of the district court affirming the county court's prior judgment of dismissal. The county court overruled the demurrer and, based upon its determination that Salkin "acted in a frivolous manner," entered an order granting the motion without specifying the amount of the fee awarded. Salkin appealed this order to the district court and moved the county court to set an "amount in controversy" so that he could secure a cost bond. The county court entered an order stating that "the amount in controversy regarding attorney's fees assessed against the Plaintiff by prior Order of this Court shall not exceed $4300.00."

On August 1, 1997, the district court entered an order in which it concluded, based upon *Nebraska Pub. Emp. v. City of Omaha*, 244 Neb. 328, 506 N.W.2d 686 (1993), that the county

court had jurisdiction to entertain a motion pursuant to § 25-824 following appellate affirmance of its judgment of dismissal and that the total fee request of $4,111.09 was fair and reasonable. However, because the fees were incurred in this and other related cases, the district court remanded the case to the county court for allocation of the fee award to each of the cases. Salkin appealed this order to the Nebraska Court of Appeals. In a memorandum opinion, that court reversed the order and remanded the cause with directions to dismiss the appeal based upon its determination that the order of the county court had not specified the amount of attorney fees to be awarded and was therefore not a final, appealable order. *Salkin v. Jacobsen*, 7 Neb. App. xvi (No. A-97-921, Dec. 18, 1998).

Following remand to the county court, Jacobsen moved for an order setting the amount of the attorney fees and costs to be awarded in this action pursuant to the court's prior order. In ruling on the motion, the county court awarded Jacobsen $1,535.09. Salkin appealed this order to the district court, and the appeal was heard by a judge who had not heard the prior appeal. Following oral argument, the district court concluded that Jacobsen's motion for attorney fees was untimely and vacated the order of the county court. The district court reasoned that Jacobsen had failed to move for attorney fees prior to the judgment of dismissal in the county court and had further failed to request the district court on appeal, "in accordance with Nebraska Supreme Court Rule 9F," to make a finding which would have permitted the county court to entertain a motion pursuant to § 25-824 on remand. Jacobsen perfected this timely appeal, which we removed to our docket pursuant to our statutory authority to regulate the caseloads of the appellate courts of this state. See Neb. Rev. Stat. § 24-1106(3) (Reissue 1995).

## ASSIGNMENTS OF ERROR

Jacobsen assigns, restated and summarized, that the district court erred in concluding (1) that his request for attorney fees under § 25-824 was untimely, (2) that the county court had no jurisdiction to award attorney fees after the district court had issued its mandate, and (3) that he was required to comply with Neb. Ct. R. of Prac. 9F (rev. 2001) to recover legal fees related to the county court proceedings.

## STANDARD OF REVIEW

■ When an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach an independent, correct conclusion irrespective of the determination made by the court below. *Sharkey v. Board of Regents*, 260 Neb. 166, 615 N.W.2d 889 (2000); *White v. Board of Regents*, 260 Neb. 26, 614 N.W.2d 330 (2000).

## ANALYSIS

■ As a general rule, attorney fees and expenses may be recovered in a civil action only where provided for by statute or when a recognized and accepted uniform course of procedure has been to allow recovery of attorney fees. *In re Guardianship & Conservatorship of Donley*, 262 Neb. 282, 631 N.W.2d 839 (2001); *Nebraska Nutrients v. Shepherd*, 261 Neb. 723, 626 N.W.2d 472 (2001). Jacobsen sought attorney fees and related costs pursuant to § 25-824, which provides in pertinent part:

> (2) . . . [I]n any civil action commenced or appealed in any court of record in this state, the court shall award as part of its judgment and in addition to any other costs otherwise assessed reasonable attorney's fees and court costs against any attorney or party who has brought or defended a civil action that alleges a claim or defense which a court determines is frivolous or made in bad faith.
>
> . . . .
>
> (4) The court shall assess attorney's fees and costs if, upon the motion of any party or the court itself, the court finds that an attorney or party brought or defended an action or any part of an action that was frivolous or that the action or any part of the action was interposed solely for delay or harassment.

■ This statute does not specify the time in which a party may move for attorney fees pursuant thereto, and we have not previously been required to address this issue. Nevertheless, familiar standards of statutory interpretation guide our analysis. In the absence of anything to the contrary, statutory language is to be given its plain and ordinary meaning. *Hunt v. Trackwell*, 262 Neb. 688, 635 N.W.2d 106 (2001); *Brunken v. Board of Trustees*, 261 Neb. 626, 624 N.W.2d 629 (2001). A court must attempt to give effect to all parts of a statute, and if it can be avoided, no word,

clause, or sentence will be rejected as superfluous or meaningless; it is not within the province of a court to read anything plain, direct, and unambiguous out of a statute. *In re Interest of Sabrina K.*, 262 Neb. 871, 635 N.W.2d 727 (2001); *Rodriguez v. Monfort, Inc.*, 262 Neb. 800, 635 N.W.2d 439 (2001).

We deem it significant that § 25-824(2) authorizes a court to award attorney fees "as part of its judgment and in addition to any other costs" when it determines that an action or defense is frivolous or made in bad faith. This is consistent with our case law, which generally treats attorney fees, where recoverable, as an element of court costs. See, *Nebraska Nutrients, supra*; *Brodersen v. Traders Ins. Co.*, 246 Neb. 688, 523 N.W.2d 24 (1994). An award of costs in a judgment is considered a part of the judgment. *In re Application of SID No. 384*, 256 Neb. 299, 589 N.W.2d 542 (1999); *Muff v. Mahloch Farms Co., Inc.*, 186 Neb. 151, 181 N.W.2d 258 (1970).

It logically follows that a party seeking an award of attorney fees pursuant to § 25-824 for services rendered in a trial court must make such request prior to the judgment in order for the award of fees, if deemed appropriate, to be made a part thereof. We recognize, however, that dicta in two of our cases suggest otherwise. In *Nebraska Pub. Emp. v. City of Omaha*, 244 Neb. 328, 506 N.W.2d 686 (1993), the appellee made its first request for both appellate and trial-related attorney fees before this court on appeal. We held that the appeal was frivolous and then indicated that we would award the appellee attorney fees for legal services on appeal if it filed the appropriate motion and supporting affidavit under rule 9F. We added:

> The Union asks us to "remand" this cause to the district court for a determination of an attorney fee for legal services in the district court proceedings. The record does not disclose that the district court has made any determination regarding an attorney fee. Therefore, this appeal presents nothing for us to review concerning an attorney fee allowable in the district court. *Of course, after issuance of the mandate in this proceeding, the Union may ask the district court to consider allowance of an attorney fee. In light of our decision and § 25-824 concerning allowance of an attorney fee, the district court, after issuance of the mandate*

*in this cause and on appropriate request, may consider*
*whether an attorney fee should be awarded to the Union's*
*lawyer for services in the district court.*

(Emphasis supplied.) *Id.* at 336-37, 506 N.W.2d at 692.
Similarly, in *Millard v. Hyplains Dressed Beef,* 237 Neb. 907,
915-16, 468 N.W.2d 124, 130 (1991), we stated:

> Not before us at this time is the question of the timing of
> a motion for attorney fees. We note only for future reference
> that in the federal system a motion for allowance of attorney
> fees is a collateral and independent claim and, as such, need
> not be filed within the 10-day period for motions to alter or
> amend the judgment. The U.S. Court of Appeals for the
> Eighth Circuit has suggested a 21-day time limit. The court
> also noted that the time for appeal of a judgment on the mer-
> its runs from the entry of judgment and that subsequent con-
> sideration of an attorney fee claim does not toll the time for
> appealing the judgment on the merits. *Obin v. Dist. No. 9 of*
> *Intern. Ass'n, Etc.,* 651 F.2d 574 (8th Cir. 1981).

■ These dicta are inconsistent with our treatment of statu-
tory attorney fees as an element of costs and the plain language
of § 25-824(2) that such fees, when appropriate, shall be
awarded "as part of [a] judgment and in addition to any other
costs." We therefore hold that a motion for attorney fees pur-
suant to § 25-824 must be made prior to the judgment of the
court in which the attorney's services were rendered. To the
extent that dicta in *Nebraska Pub. Emp., supra,* and *Millard,*
*supra,* suggest otherwise, that language is expressly disap-
proved. We further hold that when a motion for attorney fees
under § 25-824 is made prior to the judgment, the judgment will
not become final and appealable until the court has ruled upon
that motion. See, *Billingsley v. BFM Liquor Mgmt.,* 259 Neb.
992, 613 N.W.2d 478 (2000); *In re Application of SID No. 384,*
256 Neb. 299, 589 N.W.2d 542 (1999).

In concluding that a motion for attorney fees pursuant to
§ 25-824 must be made prior to the judgment of the court in
which the claimed fees were incurred, we have considered and
reject Jacobsen's argument that language in Neb. Rev. Stat.
§ 25-2729 (Reissue 1995) and our holding in *Ventura v. State,* 246
Neb. 116, 517 N.W.2d 368 (1994), compel a contrary holding. In

*Ventura,* we held that an administrative agency had no authority to reconsider its order after an appeal of the underlying case had been filed. We stated: "In civil appeals, after an appeal to this court has been perfected, a lower court is without jurisdiction to hear a case involving the same matter between the same parties." *Id.* at 133-34, 517 N.W.2d at 380. Jacobsen argues that the words "this court" in the quoted portion of the *Ventura* opinion suggest that a lower court is divested of its jurisdiction only when a case is appealed to the Nebraska Supreme Court. Jacobsen cites no authority from this jurisdiction or any other to support this argument, and we find it to be unpersuasive.

In a similar vein, Jacobsen argues that § 25-2729, which governs appeals from county courts to district courts, preserves the power of the county court to award attorney fees in connection with a judgment which has been appealed. Section 25-2729 provides, in pertinent part: "(2) Satisfaction of the requirements of subsection (1) of this section shall perfect the appeal and give the district court jurisdiction *of the matter appealed.*" (Emphasis supplied.) Jacobsen contrasts this language with the language of Neb. Rev. Stat. § 25-1912(3) (Reissue 1995), now found under § 25-1912(4) (Cum. Supp. 2000) and governing appeals from the district court, which provided in pertinent part that "an appeal shall be deemed perfected and the appellate court shall have jurisdiction *of the cause* when such notice of appeal has been filed and such docket fee deposited in the office of the clerk of the district court . . . ." (Emphasis supplied.) Jacobsen argues that there is a principled difference between the phrase "of the matter appealed" in § 25-2729(2) and the phrase "of the cause" in § 25-1912(3). He contends that because district courts, pursuant to § 25-2729(2), only obtain jurisdiction "of the matter appealed," the county court is free to consider those matters not directly on appeal, including attorney fees. By contrast, Jacobsen suggests that the phrase "of the cause," as used in appeals from a district court under § 25-1912(3), completely strips the district court of all jurisdiction. Jacobsen cites no authority in support of this argument, and we find it to be premised upon a semantic distinction without a difference.

In this case, all of the services for which attorney fees were requested were rendered prior to the county court's judgment of

dismissal filed on May 21, 1996. The motion pursuant to § 25-824 was not made until after that judgment had been affirmed on appeal. Accordingly, the district court correctly determined that the motion was untimely and the award of attorney fees and costs should be vacated.

■ We disagree, however, with the observation of the district court that Jacobsen could have preserved his claim for attorney fees incurred in the county court pursuant to § 25-824 by invoking rule 9F to request a finding during the pendency of the appeal in the district court. Rule 9F is a rule of this court which also applies to the Nebraska Court of Appeals pursuant to Neb. Ct. R. of Prac. 2A (rev. 2000). It has no application to the district court, even when that court is sitting as an intermediate appellate court. Moreover, rule 9F is clearly limited to requests for attorney fees "for services in the appellate court."

### CONCLUSION

The district court correctly concluded that Jacobsen's motion for attorney fees and costs pursuant to § 25-824 was not made prior to the final judgment of the county court dismissing Salkin's action and was thus untimely. We therefore affirm the judgment of the district court vacating the award of fees and costs entered by the county court.

AFFIRMED.