SHARON K. OLSON, FORMERLY KNOWN AS SHARON K. PALAGI, APPELLEE, v. RONALD J. PALAGI, APPELLANT.

665 N.W.2d 582

Filed July 18, 2003.   No. S-02-273.

Steven H. Howard, G. Rosanna Moore, and Shayla M. Reed, of Law Offices of Ronald J. Palagi, P.C., for appellant.

Theodore J. Stouffer, of Cassem, Tierney, Adams, Gotch & Douglas, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

GERRARD, J.

## NATURE OF CASE

Appellant Ronald J. Palagi (Palagi) was ordered to pay child support as part of his divorce from appellee Sharon K. Olson, formerly known as Sharon K. Palagi (Olson). In 1998, Palagi filed an ultimately unsuccessful application to terminate child support. Olson sought, in the district court, to recover attorney fees and costs accrued in the course of resisting Palagi's application at the trial level. On February 5, 2002, the district court granted

attorney fees and costs to Olson, and Palagi appeals. Because we determine that the district court did not have jurisdiction to enter the February 5 order, we vacate the order and dismiss the appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

As part of the parties' divorce in 1988, Palagi was ordered to pay child support for their daughter, Eva, born to that marriage in 1980. On July 6, 1998, Palagi filed an application to terminate his $1,000 per month child support obligation as of June 30, 1998, because thereafter Eva was attending college at the University of Kansas in Lawrence; was not residing in Olson's home in Bellevue, Nebraska; and had attained Kansas' age of majority. Olson filed an answer, denying that Eva had left her home in Bellevue and alleging that Eva maintained her legal residence with her and that Eva lived with her when not attending the University of Kansas. As part of her answer, Olson specifically requested that Palagi's application be denied and that she should be awarded attorney fees and costs.

A May 5, 2000, trial was conducted on stipulated facts, none of which concerned the amount or reasonableness of attorney fees. Based on these stipulated facts, the district court entered an order dated May 9, 2000, and file stamped on May 10, denying Palagi's application to terminate child support. The order did not speak to Olson's request for attorney fees and costs. A hand-written docket entry, dated May 9, 2000, noted the entry of the order and further stated, "Nothing under advisement." Olson did not file a motion for new trial with respect to the May 10 order. However, on May 23, Olson filed an application for attorney fees and costs. A separate evidentiary hearing on this issue was scheduled for June 13. On June 8, before that hearing occurred, Palagi filed a notice of appeal from the denial of his application to terminate child support.

The record does not show any activity on the attorney fees issue for the next several months. On January 2, 2001, the court sent out notices of impending dismissal of the attorney fees action for lack of prosecution unless a certificate of readiness was timely filed. The certificate not forthcoming, the court dismissed the action without prejudice for lack of prosecution on February 2. Meanwhile, the appeal of the application to terminate child

support was heard in the Nebraska Court of Appeals. On May 29, 2001, that court affirmed the district court's order denying Palagi's application. *Palagi v. Palagi*, 10 Neb. App. 231, 627 N.W.2d 765 (2001). Thereafter, Olson filed a notice of evidentiary hearing on the now-dismissed attorney fees issue. The district court held a hearing on December 17, apparently without setting aside the dismissal or reinstating the case. Based on evidence presented at that hearing, the district court on February 5, 2002, awarded Olson $6,699 in attorney fees and $127.70 in costs associated with the litigation surrounding Palagi's application to terminate child support. Palagi timely appeals.

## ASSIGNMENTS OF ERROR
Palagi assigns, restated, that the district court erred by (1) finding it had jurisdiction over the issue of attorney fees and costs when its May 10, 2000, order did not mention them and the appellate decision did not authorize them, (2) failing to apply res judicata to the issue of attorney fees and costs, (3) exercising jurisdiction over a child support case at a time when no children of the marriage were minors, (4) exercising jurisdiction when the underlying application had been dismissed by an order of dismissal on progression, and (5) abusing its discretion in awarding excessive attorney fees.

## STANDARD OF REVIEW
A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision. *Waite v. City of Omaha*, 263 Neb. 589, 641 N.W.2d 351 (2002).

## ANALYSIS
Palagi's first assignment of error asserts that at the time of its February 5, 2002, order awarding attorney fees and costs to Olson, the district court did not have subject matter jurisdiction over that issue. The law supports his argument.

The original May 10, 2000, order denied Palagi the requested child support termination without articulating a ruling on the attorney fees issue requested by Olson in her answer. The question is whether this silence in the dispositive order constitutes a

denial which should have been timely appealed or cross-appealed in May or June 2000.

Neb. Rev. Stat. § 42-351 (Reissue 1998) is the basis of the court's authority to award attorney fees and costs in this child support modification proceeding. Section 42-351(1) states:

In proceedings under [Neb. Rev. Stat. §§] 42-347 to 42-381 [(Reissue 1998 & Cum. Supp. 2000)], the court shall have jurisdiction to inquire into such matters, make such investigations, and render such judgments and make such orders, both temporary and final, as are appropriate concerning the status of the marriage, the custody and support of minor children, the support of either party, the settlement of the property rights of the parties, and the award of costs and attorney's fees.

■ Our case law generally treats attorney fees, where recoverable, as an element of court costs. See, *Salkin v. Jacobsen*, 263 Neb. 521, 641 N.W.2d 356 (2002); *Nebraska Nutrients v. Shepherd*, 261 Neb. 723, 626 N.W.2d 472 (2001); *Brodersen v. Traders Ins. Co.*, 246 Neb. 688, 523 N.W.2d 24 (1994). An award of costs in a judgment is considered a part of the judgment. *Salkin, supra*; *In re Application of SID No. 384*, 256 Neb. 299, 589 N.W.2d 542 (1999); *Muff v. Mahloch Farms Co., Inc.*, 186 Neb. 151, 181 N.W.2d 258 (1970).

■ In *Salkin, supra*, we noted that a party seeking statutorily authorized attorney fees, for services rendered in a trial court, must make a request for such fees prior to a judgment in the cause. This is so because a statutory award of attorney fees, if deemed appropriate, may be made a part of the judgment or final order. See *id*.

In the instant case, Olson properly requested an award of attorney fees and costs in her answer to Palagi's application. The issues were joined when the district court conducted the May 5, 2000, trial on Palagi's application to terminate child support. A district court order, dated May 9, 2000, and file stamped on May 10, denied Palagi's application and granted no other relief as to either party. The silence of the judgment on the issue of attorney fees must be construed as a denial of Olson's request under these circumstances. This is further evidenced by the court's May 9 handwritten docket entry stating, "Nothing under advisement."

Olson did not file a motion for new trial with respect to the May 10, 2000, order (Neb. Rev. Stat. § 25-1329 (Cum. Supp. 2002), motion to alter or amend the judgment, did not become effective until July 13, 2000); instead, Olson filed a separate application for attorney fees and costs on May 23. As noted earlier in the opinion, Palagi filed a notice of appeal on June 8, prior to the scheduled time for any purported separate hearing on attorney fees or costs.

Olson did not cross-appeal from the May 10, 2000, judgment; thus, the Court of Appeals did not make a determination with respect to the issue of attorney fees at the trial court level. It is apparent, however, that the Court of Appeals construed the district court's silence on the issue of attorney fees as a denial, since the court, and the parties, treated the May 10, 2000, judgment as a final order in *Palagi v. Palagi*, 10 Neb. App. 231, 627 N.W.2d 765 (2001). The Court of Appeals did not dismiss Palagi's appeal, pursuant to Neb. Ct. R. of Prac. 7A(2) (rev. 2000), for lack of jurisdiction. See *Salkin, supra* (judgment does not become final and appealable until trial court has ruled upon pending statutory request for attorney fees).

Thus, Olson's May 23, 2000, application was insufficient to revive the issue of attorney fees once it had been decided by means of the May 10 final order. Once the May 10 order was appealed to the Court of Appeals and the issue of the statutorily requested attorney fees was not raised in the appellate court, Olson had no recourse to further challenge the original denial of attorney fees at a later time in the district court. For these reasons, we conclude that the district court was without jurisdiction on February 5, 2002, to enter an order awarding attorney fees to Olson; thus, the February 5 order must be vacated.

Because the determination on Palagi's first assignment of error is dispositive, we decline to consider the other assignments of error.

## CONCLUSION

For the foregoing reasons, we conclude that the district court did not have jurisdiction to enter the February 5, 2002, order awarding attorney fees to Olson. We, therefore, vacate the February 5, 2002, order and dismiss the appeal.

ORDER VACATED, AND APPEAL DISMISSED.