REQUESTED BY: Senator Nancy Thompson Nebraska State Legislature
LB 1179 would amend several portions of the Nebraska Public Meetings Statutes, Neb. Rev. Stat. §§ 84-1408 through 84-1414 (1999, Cum. Supp. 2002), to specifically prohibit the use of e-mails, faxes and other electronic communication to circumvent the public government purposes of those laws. For example, Section 2 of LB 1179 would add the new language underlined below to § 84-1411(3)(h):
Telephone conference calls, e-mails, faxes, or other electronic communication shall not be used to circumvent any of the public government purposes established in sections 84-1408 to 84-1414.
You state that concerns regarding the applicability of Legislative Bill 1179 have been raised with you by city officials who might be impacted by passage of the bill. Consequently, you have posed two questions to us, which we will discuss below.
Question No. 1: "Will [passage of] LB 1179, Section 2(3)(h) mean that a member of a city council cannot communicate by e-mails, faxes or other electronic communication with a number of members constituting a quorum of the city council without violating the open meeting statutes?"
At the present time, § 84-1410(4) provides, in pertinent part: "[n]o closed session, informal meeting, chance meeting, social gathering, or electronic communication shall be used for the purpose of circumventing the requirements of such sections [the Public Meetings Statutes]." Similarly, §§ 84-1411(2) and 84-1411(3) currently prohibit the use of videoconferencing and telephone conferencing to circumvent any of the public government purposes established by the Public Meetings Statutes. As a result, passage of LB 1179 would simply broaden the number of activities subject to the circumvention prohibition set out in current law. Under those circumstances, we will begin our response to your initial question with a discussion of the law in this area under the present statutes.
We are aware of no Nebraska cases which directly address the provisions of the Public Meetings Statutes prohibiting circumvention of those statutes by certain types of electronic communication. However, absent anything to the contrary, statutory language is to be given its plain and ordinary meaning. Spradlin v. Dairyland Ins. Co., 263 Neb. 521,641 N.W.2d 356 (2002). In that regard, "circumvent" may be defined as "to surround or to circle around," or "to get the better of or prevent from happening by craft or ingenuity." WEBSTER'S NEW WORLD DICTIONARY 259 (2nd College Ed. 1982). In addition, the language in § 84-1410(4) pertaining to circumvention of the Public Meetings Statutes was added to that statute by 1983 Neb. Laws LB 43, and the legislative history of that bill makes it clear that intent is a necessary element of the prohibited conduct. For example, the following exchange occurred during the committee hearings on LB 43:
 SENATOR LANDIS: This then would be, would have to be a knowing, intentional act. Social gathering would have to be used to circumvent and here when you say be used to circumvent, you imply the intent to circumvent the open meetings law. Is that not accurate?
 SENATOR HOAGLAND: Well, I hate to make any definitive statements with respect to legislative intent, Senator Landis, but and again I think we should consult with Mr. Peterson on that issue but it would be my sense that, yes, that some sort of intent to circumvent the law would need to be part of the proof.
Committee Records on LB 43, 88th Neb. Leg., 1st Sess. 5 (Jan. 27, 1983). As a result, it appears to us that the circumvention prohibition in the current statutes involves some element of intent or purposeful action on behalf of members of a public body. Whether such intent to circumvent exists in a particular instance is a factual determination which must be resolved on a case-by-case basis.
We have also previously cautioned against "extensive" correspondence among members of a public body which might constitute actionable conduct in circumvention of the Public Meetings Statutes. Op. Att'y Gen No. 94035 (May 11, 1994). Consistent with that opinion, we have generally taken the position, for enforcement purposes, that a minimal exchange of correspondence or minimal electronic communication among members of a public body does not trigger the existing circumvention prohibitions. Our analysis in that regard has focused on the intent of the members of the public body as evidenced, at least in part, by the extent of the communication which occurred. In that context, the involvement of a quorum of the public body at issue simply provides further potential evidence of an intent to circumvent.
Based upon the discussion above, we believe that, under current law, members of a public body can communicate with other members of that body by electronic means, even if that communication is directed to a quorum of the body, so long as there is no course of communication which becomes sufficiently involved so as to evidence an intent or purpose to circumvent the Public Meetings Statutes. In that context, LB 1179 would simply add new electronic activities to the currently existing circumvention prohibitions. Therefore, in our view, the passage of LB 1179, Section 2(3)(h) would not prohibit a member of a public body from communicating on a topic with other members of that body by e-mails, faxes or other electronic communication, even if that communication was directed to a quorum of the public body at issue. On the other hand, if that communication elicited responses and further communications, then at some point, it would be possible to argue that the public body was intentionally using electronic communications to circumvent the Public Meetings Statutes.
Question No. 2: "Does LB 1179, and its' interpretation and applicability, provide that e-mails, faxes or other electronic communications between elected officials and elected officials and governmental staff constitute public records accessible by the general public?"
The Public Meetings Statutes contain few references to public records, and it does not appear to us that the language of LB 1179 amending those statutes would make e-mails, faxes or records of other electronic communications public records subject to disclosure to the general public. However, the Nebraska Public Records Statutes, Neb. Rev. Stat. §§ 84-712 through 84-712.09 (1999, Cum. Supp. 2002), do govern access to public records in Nebraska, and § 84-712.01(1) defines a "public record" to include:
 . . . all records and documents, regardless of physical form, of or belonging to this state, any county, city, village, political subdivision, or tax-supported district in this state, or any agency, branch, department, board, bureau, commission, council, subunit, or committee of any of the foregoing. Data which is a public record in its original form shall remain a public record when maintained in computer files.
(Emphasis added). Under the definition of public record in §84-712.01(1) and the Public Records Statutes generally, we believe that e-mails, faxes or records of other electronic communications between elected officials and between elected officials and governmental staff are public records which are subject to disclosure to the general public, unless there is a specific statute in each instance which allows particular electronic materials to be kept confidential.
Sincerely yours,
 JON BRUNING Attorney General
 Dale A. Comer Assistant Attorney General
Approved by:
_________________________________ Attorney General
cc. Patrick J. O'Donnell Clerk of the Legislature