John E. Murray and Jim J. Fitl, as Cotrustees of the
Murray/Fitl Children's Trust, a Nebraska trust,
and on behalf of 304 Corporation, a Nebraska
corporation, appellants and cross-appellees,
v. Greg Stine, an individual, an officer in
Premier Bank, and as former interim
manager of Mid City Bank, et al.,
appellees and cross-appellants,
and Dennis A. O'Neal
et al., appellees.

John E. Murray and Jim J. Fitl, as Cotrustees of
the Murray/Fitl Children's Trust, a Nebraska trust,
appellees, v. Greg Stine, an individual, an officer
in Premier Bank, and as former interim manager
of Mid City Bank, et al., appellants, and
John F. Lund et al., appellees.

___ N.W.2d ___

Filed June 19, 2015.    Nos. S-14-389, S-14-753.

1. **Judgments: Jurisdiction.** A jurisdictional question that does not involve a factual dispute presents a question of law.
2. **Jurisdiction: Appeal and Error.** Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction.
3. **Attorney Fees: Costs.** Attorney fees, where recoverable, are generally treated as an element of court costs.
4. **Judgments: Costs.** An award of costs in a judgment is considered a part of the judgment.
5. **Judgments: Attorney Fees.** A party seeking statutorily authorized attorney fees, for services rendered in a trial court, must make a request for such fees prior to a judgment in the cause.

6. ____: ____. Silence of a judgment on the issue of attorney fees must be construed as a denial of the request.
7. **Judgments: Final Orders: Attorney Fees.** When a motion for attorney fees under Neb. Rev. Stat. § 25-824 (Reissue 2008) is made prior to the judgment of the court in which the attorney's services were rendered, the judgment will not become final and appealable until the court has ruled upon that motion.
8. **Appeal and Error.** A notice of appeal from a nonappealable order does not render void for lack of jurisdiction acts of the trial court taken in the interval between the filing of the notice and the dismissal of the appeal by the appellate court.

Appeals from the District Court for Douglas County: W. MARK ASHFORD, Judge. Appeals dismissed.

James D. Sherrets, Diana J. Vogt, and Jared C. Olson, of Sherrets, Bruno & Vogt, L.L.C., for appellants John E. Murray et al. in No. S-14-389 and appellees John E. Murray et al. in No. S-14-753.

Thomas J. McCusker, Michael J. Mills, and Ryan A. Steen, of Gettman & Mills, L.L.P., for appellees Dennis A. O'Neal et al.

William R. Reinsch, of Reinsch, Slattery, Bear & Minahan, P.C., L.L.O., for appellee Ken Grigsby.

Steven D. Davidson, of Baird Holm, L.L.P., for appellee Vance D. Gardiner.

William F. Hargens and Lauren R. Goodman, of McGrath, North, Mullin & Kratz, P.C., L.L.O., for appellees Greg Stine and Premier Bank in No. S-14-389 and appellants Greg Stine and Premier Bank in No. S-14-753.

John P. Passarelli and Todd C. Kinney, of Kutak Rock, L.L.P., for appellees William J. Lindsay, Jr., et al.

HEAVICAN, C.J., WRIGHT, CONNOLLY, MCCORMACK, and CASSEL, JJ.

Per Curiam.

## INTRODUCTION

Because of unresolved motions for attorney fees, we lack jurisdiction and must dismiss two attempts to appeal from an action for breach of fiduciary duties. The fee motions were filed after summary judgment motions were heard but before they were decided. The first appeal followed the summary judgment ruling. The undisposed fee motions prevented that ruling from being final. The second appeal followed the district court's refusal, citing lack of jurisdiction, to rule on the fee motions. Until the fee motions are decided, there is no final judgment and no appellate jurisdiction.

## BACKGROUND

The cotrustees of a trust filed suit against a number of parties. The cotrustees alleged, among other causes of action, that the defendants breached their fiduciary duties.

Upon motions to dismiss, the district court dismissed five of the cotrustees' eight causes of action. The remaining defendants then filed answers, some of which specifically requested attorney fees under Neb. Rev. Stat. § 25-824 (Reissue 2008).

Subsequently, the remaining defendants filed motions for summary judgment. The district court heard the motions on April 7, 2014. On April 8 and 9, several defendants filed motions seeking attorney fees under § 25-824. The motions were set to be heard on May 12.

On April 16, 2014, the district court entered orders granting the motions for summary judgment. The orders were silent as to attorney fees. On May 2—10 days before the scheduled hearing on the motions for attorney fees—the cotrustees filed a notice of appeal in the district court, which was docketed as our case No. S-14-389.

The district court subsequently entered an order finding that it did not have jurisdiction to hear the motions for attorney fees because of the pending appeal. Several defendants timely

filed an appeal from that order, which appeal was docketed as our case No. S-14-753.

The appeals were consolidated for briefing and disposition, and we moved them to our docket.[1]

## ASSIGNMENTS OF ERROR

The cotrustees assign seven errors which, consolidated and restated, allege that the district court erred in (1) dismissing their first five causes of action for failure to state a claim and (2) granting summary judgment and dismissing their sixth through eighth causes of action.

Several defendants included in the consolidated briefing what they characterized as cross-appeals challenging the district court's refusal to rule on their motions for attorney fees under § 25-824.

## STANDARD OF REVIEW

[1] A jurisdictional question that does not involve a factual dispute presents a question of law.[2]

## ANALYSIS

[2] Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction.[3] We must determine whether the absence of a ruling on the motions for attorney fees prevents us from acquiring jurisdiction over the appeals.

[3-5] Attorney fees, where recoverable, are generally treated as an element of court costs.[4] And an award of costs in a judgment is considered a part of the judgment.[5] We have stated

---

[1] See Neb. Rev. Stat. § 24-1106(3) (Reissue 2008).

[2] *Shasta Linen Supply v. Applied Underwriters*, 290 Neb. 640, 861 N.W.2d 425 (2015).

[3] *Id.*

[4] See *Olson v. Palagi*, 266 Neb. 377, 665 N.W.2d 582 (2003).

[5] *Id.*

that a party seeking statutorily authorized attorney fees, for services rendered in a trial court, must make a request for such fees prior to a judgment in the cause.[6]

Two lines of authority with divergent consequences are implicated by the procedural background of this case. On the one hand, some defendants requested attorney fees in their answers, and the judgment contained no explicit ruling on the issue. On the other hand, some defendants also filed separate motions for attorney fees before entry of judgment, and the hearing on the motions had not yet occurred at the time the cotrustees filed their notice of appeal. We discuss the consequences of each situation in more detail.

[6] We have stated that silence of a judgment on the issue of attorney fees must be construed as a denial of the request.[7] In *Olson v. Palagi*,[8] the defendant's answer requested attorney fees under a statute[9] authorizing such an award in a child support modification proceeding. The trial court's judgment did not explicitly rule on the request, and the court's docket entry stated that there were no matters under advisement. After entry of judgment, the defendant filed a separate application for attorney fees and the plaintiff appealed prior to the scheduled hearing on attorney fees. The defendant did not cross-appeal on the issue of attorney fees, and the Nebraska Court of Appeals and the parties treated the judgment as a final order. We stated, "The silence of the judgment on the issue of attorney fees must be construed as a denial of [the defendant's] request under these circumstances."[10] Similarly, in *NEBCO, Inc. v. Murphy*,[11] a party sought an award of

---

[6] See *Salkin v. Jacobsen*, 263 Neb. 521, 641 N.W.2d 356 (2002).

[7] See *Olson v. Palagi, supra* note 4.

[8] *Id.*

[9] See Neb. Rev. Stat. § 42-351 (Reissue 2008).

[10] *Olson v. Palagi, supra* note 4, 266 Neb. at 380, 665 N.W.2d at 585.

[11] *NEBCO, Inc. v. Murphy*, 280 Neb. 145, 784 N.W.2d 447 (2010).

attorney fees under § 25-824 in a responsive pleading to two different complaints. The court explicitly denied the request in one case, but its order in the other case was silent on the issue of attorney fees. We noted that the defendant did not file a separate motion for attorney fees and stated that the court rejected both requests, either explicitly or implicitly.

[7] But we have also held that when a motion for attorney fees under § 25-824 is made prior to the judgment of the court in which the attorney's services were rendered, the judgment will not become final and appealable until the court has ruled upon that motion.[12] Additionally, we have declined to exercise jurisdiction when an appeal is filed before a scheduled hearing or when the trial court has reserved ruling on attorney fees. In *Billingsley v. BFM Liquor Mgmt.*,[13] the parties stipulated prior to trial that the trial court would reserve ruling on the plaintiff's request for equitable relief until after the jury determined any damages. After the court entered judgment on the jury verdict, the plaintiff filed a motion seeking an order regarding the equitable relief he had requested, as well as attorney fees. The defendant appealed before the scheduled hearing on the motion. We concluded that a determination of whether the plaintiff was entitled to equitable relief or attorney fees was necessary to completely dispose of the matter, and thus, the "judgment" on the jury verdict was not final and appealable. In *In re Guardianship & Conservatorship of Woltemath*,[14] a responsive pleading requested attorney fees under § 25-824 and the trial court's order dismissing the petition specifically reserved the issue of attorney fees. We concluded that the appeals taken prior to a ruling on attorney fees were premature.

---

[12] *Salkin v. Jacobsen, supra* note 6.

[13] *Billingsley v. BFM Liquor Mgmt.*, 259 Neb. 992, 613 N.W.2d 478 (2000).

[14] *In re Guardianship & Conservatorship of Woltemath*, 268 Neb. 33, 680 N.W.2d 142 (2004).

Even if the order granting the summary judgment motions implicitly denied the requests for attorney fees included in the respective answers, it clearly did not dispose of the separate motions for attorney fees. In addition to requests for attorney fees asserted in answers, several defendants also filed separate motions seeking such fees under § 25-824. These motions were properly made before the court entered its orders granting summary judgment. It is noteworthy that a hearing on attorney fees was scheduled but had not yet occurred at the time the court entered its orders. Under these circumstances, the court's silence on the issue cannot be considered a denial of the request. We conclude that the absence of a ruling on attorney fees left a portion of the judgment unresolved and that thus, the orders from which the cotrustees appealed were not final. We must dismiss the appeal in case No. S-14-389 for lack of a final, appealable order.

[8] Because the cotrustees appealed from nonfinal orders, the district court never lost jurisdiction of the case. A notice of appeal from a nonappealable order does not render void for lack of jurisdiction acts of the trial court taken in the interval between the filing of the notice and the dismissal of the appeal by the appellate court.[15] The cotrustees' appeal from nonfinal orders did not divest the district court of jurisdiction to rule on the motions for attorney fees. Because the court declined to rule on the motions, they are still pending. Thus, the situation in the second appeal does not differ materially from that in the first appeal. Because the motions for attorney fees remain undisposed, the district court has not entered a judgment or final order from which an appeal may be taken. We therefore dismiss the appeal in case No. S-14-753.

## CONCLUSION

Requests for attorney fees under § 25-824 were made prior to judgment and were set for a hearing. But before the

---

[15] *In re Guardianship of Sophia M.*, 271 Neb. 133, 710 N.W.2d 312 (2006).

scheduled hearing occurred, the district court entered orders granting summary judgment and the cotrustees filed an appeal from those orders. Because the absence of a ruling on attorney fees left a portion of the judgment unresolved, the orders from which the cotrustees appealed were not final. Thus, we lack jurisdiction of the first appeal. Although the district court retained jurisdiction to rule on the motions for attorney fees, it believed that it lacked jurisdiction. The court declined to rule on the motions, which are still pending before that court. Because the motions have not been disposed, we also lack jurisdiction of the second appeal. We therefore dismiss both appeals.

APPEALS DISMISSED.

STEPHAN and MILLER-LERMAN, JJ., not participating.