Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
05/07/2019 09:06 AM CDT

Wendy Pearrow, appellant, v.
Marcus G. Pearrow, appellee.

___ N.W.2d ___

Filed May 7, 2019.    No. A-18-334.

1. **Modification of Decree: Appeal and Error.** Modification of a dis-
   solution decree is a matter entrusted to the discretion of the trial court,
   whose order is reviewed de novo on the record, and which will be
   affirmed absent an abuse of discretion by the trial court.
2. **Modification of Decree: Attorney Fees: Appeal and Error.** In an
   action for modification of a marital dissolution decree, the award
   of attorney fees is discretionary with the trial court, is reviewed de
   novo on the record, and will be affirmed in the absence of an abuse
   of discretion.
3. **Child Support: Rules of the Supreme Court.** A deviation in the
   amount of child support is allowed whenever the application of the
   Nebraska Child Support Guidelines in an individual case would be
   unjust or inappropriate.
4. **Attorney Fees.** Attorney fees and expenses may be recovered only
   where provided for by statute or when a recognized and accepted uni-
   form course of procedure has been to allow recovery of attorney fees.
5. ____. Customarily, attorney fees are awarded only to prevailing parties
   or assessed against those who file frivolous suits.
6. **Divorce: Attorney Fees.** A uniform course of procedure exists in
   Nebraska for the award of attorney fees in dissolution cases.
7. ____: ____. In awarding attorney fees in a dissolution action, a court
   shall consider the nature of the case, the amount involved in the contro-
   versy, the services actually performed, the results obtained, the length
   of time required for preparation and presentation of the case, the nov-
   elty and difficulty of the questions raised, and the customary charges of
   the bar for similar services.

Appeal from the District Court for Sarpy County: Stefanie
A. Martinez, Judge. Affirmed.

Angela M. Minahan, of Reinsch, Slattery, Bear & Minahan, P.C., L.L.O., for appellant.

No appearance for appellee.

Moore, Chief Judge, and Riedmann and Bishop, Judges.

Riedmann, Judge.

## INTRODUCTION

Wendy Pearrow appeals the order of the district court for Sarpy County which modified the decree dissolving her marriage to Marcus G. Pearrow. On appeal, she challenges the district court's calculation of child support, the court's failure to divide expenses for two of the parties' four children, and the court's failure to award her attorney fees. Because we find no merit to the arguments raised on appeal, we affirm.

## BACKGROUND

A decree dissolving Wendy and Marcus' marriage was entered in November 2015. The parties were awarded joint legal and physical custody of their four minor children, with the parents alternating parenting time on a weekly basis. Marcus was ordered to pay $631 per month in child support.

In October 2016, Wendy filed a complaint to modify the decree. Prior to trial, the parties agreed to retain joint legal custody of all of the children and joint physical custody of the two younger children. They agreed to continue to alternate parenting time on a weekly basis for the younger children, but on the days that Marcus is unable to pick them up from school at 3:20 p.m., they will stay with Wendy until Marcus can pick them up after work around 5 p.m. The parties additionally agreed to modify the decree so that Wendy would have sole physical custody of the two older children. Parenting time between Marcus and the two older children would be arranged between Marcus and the children.

The parties were unable to agree on child support, however, so trial was held as to that issue. Evidence was adduced as to

the parties' employment and income, and each party submitted a proposed child support calculation to the court. Wendy proposed that the court utilize a sole physical custody calculation for all four children. She reasoned that she had sole custody of the two older children, for which Marcus would receive an unknown amount of parenting time, and that even though the parties had joint custody of the two younger children, Wendy had additional time with them after school until Marcus could pick them up after work. Wendy also asked that the court divide the out-of-pocket expenses for all four children equally between the parties and award her attorney fees.

Marcus described his proposed child support calculation as a hybrid between a joint physical custody calculation and a sole physical custody calculation. He calculated child support for all four children under each calculator and then averaged the amounts owed, while deducting credit for the health insurance he carries for the children. He also provided calculated amounts for child support for three children, two children, and one child. The exhibit he offered as an aid to the court explained how he arrived at the amounts proposed and included the worksheets for sole physical custody and joint physical custody of the children.

With respect to direct expenses for the children, such as clothing and extracurricular activities, Marcus agreed that he should contribute to those expenses for the two younger children for whom he has joint custody and agreed that he should pay his proportionate share of their expenses, which was 70 percent. He objected, however, to sharing expenses for the two older children.

After trial, the district court entered a modification order. The court approved the terms of the parties' agreement, and it was incorporated into the order. The court ordered Marcus to pay $876 per month in child support for four children, $561 per month for three children, $315 per month for two children, and $153 per month for one child. The order indicates that the child support worksheet is attached and marked

as "'Exhibit A'" and was utilized and adopted by the court. The order also provided that Marcus was to pay 70 percent and Wendy was to pay 30 percent of reasonable and direct expenses, such as clothing and extracurricular activities, for the two younger children. All other requests made by either party were denied. Wendy appeals.

## ASSIGNMENTS OF ERROR

Wendy assigns that the district court erred in (1) calculating child support, (2) failing to make findings related to the two older children's out-of-pocket activity expenses, and (3) failing to make findings related to her request for attorney fees.

## STANDARD OF REVIEW

[1] Modification of a dissolution decree is a matter entrusted to the discretion of the trial court, whose order is reviewed de novo on the record, and which will be affirmed absent an abuse of discretion by the trial court. *Hopkins v. Hopkins*, 294 Neb. 417, 883 N.W.2d 363 (2016).

[2] In an action for modification of a marital dissolution decree, the award of attorney fees is discretionary with the trial court, is reviewed de novo on the record, and will be affirmed in the absence of an abuse of discretion. *Garza v. Garza*, 288 Neb. 213, 846 N.W.2d 626 (2014).

## ANALYSIS

*Child Support.*

Wendy argues that the district court erred in calculating child support because the amounts contained in the court's order are inconsistent with the attached worksheet, the attached worksheet is not marked as "'Exhibit A'" as indicated, and the court improperly deviated from the child support guidelines. We find no abuse of discretion in the child support order.

All orders concerning child support, including modifications, should include the appropriate child support worksheets. *Rutherford v. Rutherford*, 277 Neb. 301, 761 N.W.2d

922 (2009). The purpose of this requirement is to ensure that the appellate courts are not left to speculate about the trial court's conclusions; these worksheets show the parties and the appellate courts that the trial court has "'"'"done the math."'"'" *Fetherkile v. Fetherkile*, 299 Neb. 76, 98, 907 N.W.2d 275, 294 (2018). Without a worksheet specifying the trial court's calculations and delineating any deviations it took into consideration, an appellate court is unable to undertake any meaningful review. *Pearson v. Pearson*, 285 Neb. 686, 828 N.W.2d 760 (2013).

In the present case, despite Wendy's argument to the contrary, the worksheet attached to the district court's order does display the calculations for sole custody of all four children and for joint custody of all four children. Although the figures on the worksheets do not match the amounts contained in the court's order, it is clear that the court adopted Marcus' proposed calculation, which explains how it arrived at the amounts owed. And the court attached the worksheets as it was required to do.

Although it would have been a better practice for the court to specify that it was adopting the calculation proposed by a party or to include the explanation in its order, based on the record before us, we are not left to speculate about the district court's conclusions and are able to undertake a meaningful review. Because the order contains the child support amounts proposed by Marcus and the attached worksheets identical to those offered by Marcus, we understand that the court adopted his proposed calculations and the methodology by which he calculated them.

We also recognize that the worksheet attached to the court's order was not marked as "'Exhibit A'" as indicated in the order, but because it was attached to the order, there is no confusion as to what worksheet the court was referencing. And the missing label does not affect our ability to conduct a meaningful review or to see that the district court has "'"'"done

the math."'" See *Fetherkile v. Fetherkile*, 299 Neb. at 98, 907 N.W.2d at 294. We therefore do not find that the district court abused its discretion in the child support order.

Wendy additionally claims that the district court improperly deviated from the child support guidelines. We do not agree that the child support order here constitutes a deviation from the guidelines.

In general, child support payments should be set according to the Nebraska Child Support Guidelines. *Pearson v. Pearson, supra*. The guidelines shall be applied as a rebuttable presumption, and all orders for child support obligations shall be established in accordance with the provisions of the guidelines unless the court finds that one or both parties have produced sufficient evidence to rebut the presumption that the guidelines should be applied. *Pearson v. Pearson, supra*; Neb. Ct. R. § 4-203 (rev. 2011).

[3] Under the guidelines, a deviation in the amount of child support is allowed whenever the application of the guidelines in an individual case would be unjust or inappropriate. *Pearson v. Pearson, supra*. Deviations from the guidelines must take into consideration the best interests of the child or children. *Id*.

The complication in the instant case is that the custody arrangement agreed to by the parties does not fit the definition of sole physical custody, joint custody, or split custody so as to fit squarely within a single type of child support calculation under the guidelines. In her brief, Wendy refers to the parties' arrangement as a "hybrid" custody arrangement. Brief for appellant at 13. Thus, there is no one application of the guidelines for the present situation from which the court could deviate. In other words, a deviation is an amount ordered that is different from the amount that should have been ordered under a strict application of the child support guidelines. But here, there is no ability to strictly apply the guidelines. As a result, the child support ordered by the district court was not a deviation from the guidelines, but, rather, a flexible solution

to the unique custody arrangement present here. See *Gress v. Gress*, 271 Neb. 122, 710 N.W.2d 318 (2006) (child support guidelines offer flexibility and guidance, with understanding that not every child support scenario will fit neatly into calculation structure). We therefore reject Wendy's argument that the support ordered by the district court was an improper deviation from the guidelines.

To the extent Wendy argues that the district court abused its discretion in failing to adopt her proposed child support calculation, we disagree. Wendy proposed using a sole custody calculator for all four children or, in the alternative, adjusting the amount owed pursuant to Neb. Ct. R. § 4-210. She reasoned that she had sole custody of the two older children and that the two younger children were with her after school during Marcus' parenting time and potentially during the summer while Marcus was at work.

Section 4-210 allows for adjustments in child support related to parenting time when support is not calculated under joint physical custody and parenting time substantially exceeds alternating weekends and holidays and 28 days or more in any 90-day period. Thus, Wendy's alternative argument proposed that the court utilize the sole custody calculation but give Marcus credit for the alternating weeks of parenting time he has with the two younger children, although she still proposed subtracting out the hours the younger children will spend with her during Marcus' parenting time. Essentially, Wendy proposed that the court "deviate from the sole custody calculation based upon the parenting time that [Marcus] has" in the manner set forth in § 4-210.

Although the district court's order does not explicitly state its rationale, we can infer that the court rejected Wendy's request to utilize a sole custody calculator because it adopted Marcus' proposed calculation. We find no abuse of discretion in this decision because the children will not spend a significant amount of time with Wendy during Marcus' parenting time. Marcus testified that he works from home approximately

twice per month and has the ability to do so more frequently. Thus, it is unclear whether the children will spend additional time with Wendy during the summer or if Marcus will work from home more often to allow the children to remain with him.

Further, § 4-210 allows for adjustments based on additional days spent with a parent, and the word "day" is defined to include an overnight period. See Neb. Ct. R. § 4-212 (rev. 2011). The guidelines therefore do not appear to contemplate adjustments based on a short number of additional hours spent with a parent. Given that the parties continue to share joint physical custody of two of the children, the court's decision to reject Wendy's calculation based on sole custody of all four children was not an abuse of discretion.

*Out-of-Pocket Expenses.*

Wendy assigns that the district court failed to make a finding regarding the division of expenses for the two older children. The order does not specifically address out-of-pocket expenses for the older children but states that "all other requests made by either party in this proceeding are denied." Thus, the order implicitly denied Wendy's request to divide these expenses for the older children.

Wendy argues that assuming the court truly intended to adopt and order child support based on a joint custody calculation, then it was required under the child support guidelines to divide out-of-pocket activity expenses for the two older children. Wendy is correct that if child support is determined under a joint physical custody calculation, "all reasonable and necessary direct expenditures made solely for the child(ren) such as clothing and extracurricular activities shall be allocated between the parents." § 4-212. However, we disagree that the district court used a joint custody calculation. Rather, it used the hybrid approach proposed by Marcus. Therefore, Wendy's argument has no merit.

*Attorney Fees.*

Wendy asserts that the district court erred in failing to award her attorney fees. She again claims that the district court failed to rule on this issue because the order of modification is silent as to her request for an award of attorney fees. However, because the order denied "all other requests made by either party," we construe this as a denial of Wendy's request for attorney fees. See *Olson v. Palagi*, 266 Neb. 377, 665 N.W.2d 582 (2003) (silence of judgment on issue of attorney fees requested in pleadings must be construed as denial of request). We conclude that this decision was not an abuse of discretion.

[4-6] Attorney fees and expenses may be recovered only where provided for by statute or when a recognized and accepted uniform course of procedure has been to allow recovery of attorney fees. *Garza v. Garza*, 288 Neb. 213, 846 N.W.2d 626 (2014). Customarily, attorney fees are awarded only to prevailing parties or assessed against those who file frivolous suits. *Id*. A uniform course of procedure exists in Nebraska for the award of attorney fees in dissolution cases. *Id*. Thus, there was authority, in this modification of a dissolution decree case, for the awarding of attorney fees. See *id.*

[7] In awarding attorney fees in a dissolution action, a court shall consider the nature of the case, the amount involved in the controversy, the services actually performed, the results obtained, the length of time required for preparation and presentation of the case, the novelty and difficulty of the questions raised, and the customary charges of the bar for similar services. *Id*.

In the instant case, the parties settled most of the issues raised in the complaint for modification with the exception of child support and child-related expenses. The court adopted Marcus' proposed child support calculation and denied Wendy's request to divide expenses for the two older children. We therefore find no abuse of discretion in the court's decision to deny Wendy's request for attorney fees.

## CONCLUSION

We conclude that the district court did not abuse its discretion in its child support order or in denying Wendy's request for a division of expenses for the two older children or for attorney fees. Accordingly, the district court's order is affirmed.

AFFIRMED.