Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
10/02/2018 08:38 AM CDT

IN RE GUARDIANSHIP OF AIMEE S., AN INCAPACITATED
AND PROTECTED PERSON.
DEBORAH S. AND JUNE BERGER, APPELLANTS,
v. SUSANNE DEMPSEY-COOK, SUCCESSOR
GUARDIAN, AND KELLY HENRY TURNER,
GUARDIAN AD LITEM, APPELLEES.

___ N.W.2d ___

Filed October 2, 2018.    No. A-17-749.

1. **Jurisdiction: Appeal and Error.** Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction.

2. **Guardians and Conservators: Appeal and Error.** An appellate court reviews guardianship and conservatorship proceedings for error appearing on the record made in the county court.

3. **Judgments: Appeal and Error.** When reviewing questions of law, an appellate court resolves the questions independently of the conclusion reached by the lower court.

4. **Judges: Words and Phrases: Appeal and Error.** A judicial abuse of discretion exists when a judge, within the effective limits of authorized judicial power, elects to act or refrains from action, but the selected option results in a decision which is untenable and unfairly deprives a litigant of a substantial right or a just result in matters submitted for disposition through the judicial system.

5. **Attorney Fees: Appeal and Error.** On appeal, a trial court's decision allowing or disallowing attorney fees for frivolous or bad faith litigation will be upheld in the absence of an abuse of discretion.

6. ____: ____. When attorney fees are authorized, the trial court exercises its discretion in setting the amount of the fee, which ruling an appellate court will not disturb on appeal unless the court abused its discretion.

7. **Attorney Fees: Costs.** Attorney fees, where recoverable, are generally treated as an element of court costs.

- 381 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
26 NEBRASKA APPELLATE REPORTS
IN RE GUARDIANSHIP OF AIMEE S.
Cite as 26 Neb. App. 380

8. **Judgments: Costs.** An award of costs in a judgment is considered a part of the judgment.

9. **Judgments: Attorney Fees.** A party seeking statutorily authorized attorney fees, for services rendered in a trial court, must make a request for such fees prior to a judgment in the cause.

10. **Moot Question.** A case becomes moot when the issues initially presented in litigation cease to exist or the litigants lack a legally cognizable interest in the outcome of the litigation.

11. **Summary Judgment: Appeal and Error.** An appellate court will affirm a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law.

12. ____: ____. In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment was granted and gives that party the benefit of all reasonable inferences deducible from the evidence.

13. **Summary Judgment: Proof.** Once the moving party makes a prima facie case, the burden shifts to the party opposing the motion to produce admissible contradictory evidence showing the existence of a material issue of fact that prevents judgment as a matter of law.

14. **Trial: Waiver: Appeal and Error.** A litigant's failure to make a timely objection waives the right to assert prejudicial error on appeal.

15. **Waiver: Appeal and Error.** Errors not assigned in an appellant's initial brief are waived and may not be asserted for the first time in a reply brief.

16. **Summary Judgment: Evidence.** Conclusions based upon guess, speculation, conjecture, or choice of possibilities do not create material issues of fact for the purposes of summary judgment; the evidence must be sufficient to support an inference in the nonmovant's favor without the fact finder engaging in guesswork.

17. **Trial: Expert Witnesses.** It is within the trial court's discretion to determine whether there is sufficient foundation for an expert witness to give his or her opinion about an issue in question.

18. **Expert Witnesses.** Expert testimony should not be received if it appears that the witness is not in possession of such facts as will enable the expert to express a reasonably accurate conclusion, and where the opinion is based on facts shown not to be true, the opinion lacks probative value.

19. **Trial: Expert Witnesses: Appeal and Error.** A trial court's ruling in receiving or excluding an expert's testimony which is otherwise relevant will be reversed only when there has been an abuse of discretion.

- 382 -

Nebraska Court of Appeals Advance Sheets
26 Nebraska Appellate Reports
IN RE GUARDIANSHIP OF AIMEE S.
Cite as 26 Neb. App. 380

20. **Appeal and Error.** An issue not presented to or decided by the trial court is not appropriate for consideration on appeal.

21. \_\_\_\_. Generally, a party cannot complain of error which the party has invited the court to commit.

22. **Actions: Attorney Fees: Words and Phrases.** A frivolous action is one in which a litigant asserts a legal position wholly without merit; that is, the position is without rational argument based on law and evidence to support the litigant's position. The term "frivolous" connotes an improper motive or legal position so wholly without merit as to be ridiculous.

23. **Attorney Fees: Appeal and Error.** On appeal, a trial court's decision allowing or disallowing attorney fees for frivolous or bad faith litigation will be upheld in the absence of an abuse of discretion.

Appeal from the County Court for Douglas County: Susan M. Bazis and Stephanie S. Shearer, Judges. Affirmed.

Brent M. Kuhn, of Brent Kuhn Law, for appellants.

Barbara J. Prince for appellee Susanne Dempsey-Cook.

John M. Walker and Cathy S. Trent-Vilim, of Lamson, Dugan & Murray, L.L.P., for appellee Kelly Henry Turner.

Pirtle, Riedmann, and Bishop, Judges.

Pirtle, Judge.

## I. INTRODUCTION

Deborah S. is the mother of Aimee S., an incapacitated adult. In December 2013, Deborah and June Berger (June), her friend, (collectively appellants) filed a petition for removal of a court-appointed guardian and appointment of themselves as successor coguardians and coconservators. Summary judgment was granted against appellants in June 2015. In December 2016, it was determined that the application to remove the court-appointed guardian and conservator was frivolous and that Deborah should be ordered to pay attorney fees and expenses in the amount of $75,906.20. For the reasons that follow, we affirm.

- 383 -

Nebraska Court of Appeals Advance Sheets
26 Nebraska Appellate Reports
IN RE GUARDIANSHIP OF AIMEE S.
Cite as 26 Neb. App. 380

## II. BACKGROUND

Aimee was declared incapacitated at the age of 23. Deborah was appointed as the temporary legal guardian of Aimee on November 14, 2001, and permanent legal guardian on January 23, 2002.

In 2011, the Department of Health and Human Services became involved after being contacted by the police. The police had been called when Aimee was overheard screaming in her apartment. Upon her admission to a local hospital, Aimee was psychotic, disoriented, and malnourished and her personal hygiene was "badly neglected." The hospital staff contacted Adult Protective Services, expressing concern regarding Aimee's condition.

According to Deborah, Aimee's condition in January 2011 was generally the same for the 2 years prior to her hospitalization. Deborah did not recall Aimee's showering in the 2 years prior to her hospitalization in 2011. Deborah acted as Aimee's guardian at that time and visited with Aimee frequently, but took no responsibility for Aimee's condition. Deborah recalled that Aimee had seen her mental health provider approximately twice during the same 2-year period and that Aimee had skipped therapy appointments because she refused to leave her apartment.

A petition was filed by Adult Protective Services in 2011, alleging that Deborah failed to perform her duties as guardian, that she was not able to make appropriate decisions for Aimee's medical needs and treatment, and that it was in Aimee's best interests that a successor guardian be appointed. Deborah filed an answer denying the allegations against her, but she agreed to step down, requesting that June be appointed as successor guardian. Deborah was removed as guardian, and Sally Hytrek was appointed as the successor guardian.

On December 27, 2013, appellants filed a motion to be appointed coguardians and coconservators for Aimee and to have Hytrek removed as the court-appointed guardian and

- 384 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
26 NEBRASKA APPELLATE REPORTS
IN RE GUARDIANSHIP OF AIMEE S.
Cite as 26 Neb. App. 380

conservator for Aimee. The petition set forth nine reasons why Hytrek should no longer be the guardian.

On May 30, 2014, Hytrek resigned as successor guardian, because the "constant demands, allegations and interference" by appellants made it impossible for her to carry out her fiduciary duties to Aimee and to the other individuals she served as guardian and/or conservator. On June 10, the county court overruled appellants' motion to appoint a substitute guardian. On or about June 12, the court accepted Hytrek's resignation and appointed Susanne Dempsey-Cook as temporary successor guardian. Appellants did not amend their petition, and Deborah continued to seek removal of the court-appointed guardian. At a later hearing, Deborah stated that the goal of her "petition to remove the state guardians was to have myself and June . . . be appointed as co-guardians." She stated that "in order for June and I to be co-guardians, yes, whoever was in there would have to be removed." Deborah conceded that when Dempsey-Cook was Aimee's guardian, Aimee's needs were being met—Aimee had a place to live, food to eat, clothing, shoes, and access to medical and mental health care providers.

On January 2, 2015, Aimee's guardian ad litem (GAL), Kelly Henry Turner, filed a motion for summary judgment, arguing there was no genuine issue as to any material fact with regard to whether it was in Aimee's best interests for Deborah to be reappointed as Aimee's guardian. In support of her motion, Turner asserted she would offer the evidence previously offered at the hearing on November 7, 2014, regarding appellants' motion to remove restrictions and appellants' motion to quash the psychological evaluation of Deborah, specifically the affidavits of Robert Troyer, Aimee's psychotherapist; the social services director for Sunrise Country Manor (Sunrise), where Aimee resides; and the administrator for Sunrise. Turner asserted she would also offer the evidence previously offered in support of her motion for a "Rule 6-335" psychological evaluation and other relief, dated October 31, 2014, specifically: the GAL report filed August 18; the GAL

- 385 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
26 NEBRASKA APPELLATE REPORTS
IN RE GUARDIANSHIP OF AIMEE S.
Cite as 26 Neb. App. 380

report dated May 2, 2011; the clinical notes report filed on February 22; the affidavit of Deborah filed on May 5; and the petition of the Department of Health and Human Services to remove Deborah as guardian filed on October 6. A hearing was held on the matter on February 3, 2015, and the matter was taken under advisement.

On February 27, 2015, the motion for summary judgment was denied because Deborah had been ordered to complete a psychological evaluation to determine her fitness to serve as guardian, and the evaluation had not yet been completed. The court wrote that once Deborah "obtains her psychological evaluation it should address whether [she] is capable of carrying out the duties of being Aimee's Guardian and Conservator. Until the evaluation is completed and the results known there are genuine issues of material facts in this case."

On May 4, 2015, Turner and Dempsey-Cook (collectively appellees) filed a joint motion for summary judgment and requested attorney fees. Appellees moved for summary judgment "for the reason that the pleadings, evidence and affidavits disclose that there is no genuine issue as to any material fact as to whether it is in [Aimee's] best interest for Deborah . . . to be reappointed as Aimee's guardian." Appellees asserted they would support their motion with the same evidence identified in Turner's first motion for summary judgment. The motion sought an order finding it was not in Aimee's best interests for Deborah to be the guardian and conservator, and also sought a finding that the legal proceedings brought by Deborah were frivolous.

A hearing on the motion was held on May 28, 2015. In support of her motion, Turner offered into evidence exhibits 2 through 4, 6, 9, 14, and 15. In opposition to the motion, appellants offered exhibit 16.

Turner offered the affidavit of the administrator for Sunrise, who characterized the relationship between Aimee and Deborah as "co-dependen[t]" and commented that this codependent relationship "stifle[d] Aimee's ability and desire" to improve.

- 386 -

Nebraska Court of Appeals Advance Sheets
26 Nebraska Appellate Reports
IN RE GUARDIANSHIP OF AIMEE S.
Cite as 26 Neb. App. 380

The administrator stated that Deborah often brought prohibited items into the facility, discouraged Aimee from using items provided by Sunrise, and performed activities for Aimee that Aimee should do for herself. Deborah ignored requests from the staff and conducted herself in ways that fed into Aimee's obsessive behaviors.

Turner offered the affidavit of the social services director for Sunrise, who described how differently and independently Aimee acted approximately 11 days after Aimee's contact with Deborah had terminated. The social services director stated her opinion that it was in Aimee's best interests to discontinue contact with Deborah.

Turner offered the affidavit and psychological evaluation of Deborah conducted by Stephanie Peterson on February 13, 2015. Peterson noted that Deborah's ability to serve again as Aimee's guardian "will depend upon her ability to trust and work cooperatively with others capable of clear-eyed assessment of Aimee's needs, abilities and behaviors." Peterson opined that Deborah was not competent to serve as Aimee's legal guardian. Peterson suggested that Deborah "may gain competency" by working with Aimee's current guardian, caregivers, and physicians to understand the elements of Aimee's treatment plan and gain insight regarding her role in Aimee's treatment.

Turner offered the affidavit of Troyer, Aimee's psychotherapist. He met with both Aimee and Deborah in family therapy sessions. He stated that Deborah cleaned Aimee's eyeglasses, lenses and frames, for anywhere from 15 to 45 minutes every session and that Deborah then spent the remainder of the time combing Aimee's hair, leaving little or no time for conversation. Troyer stated that he was in "full agreement" with the recommendations Peterson set forth in Deborah's psychological evaluation.

Appellants offered the affidavit of Deborah's therapist, Kevin Cahill. Cahill provided counseling to Deborah to "help her deal with the issues concerning care for [Aimee]." Appellees

- 387 -

Nebraska Court of Appeals Advance Sheets
26 Nebraska Appellate Reports
IN RE GUARDIANSHIP OF AIMEE S.
Cite as 26 Neb. App. 380

objected to the admission of paragraphs 11 through 13, which contained Cahill's opinion regarding Deborah's qualifications to serve as guardian. Appellees objected on the basis that paragraphs 11 through 13 of Cahill's affidavit were hearsay, lacked proper foundation, and were not relevant.

On July 24, 2015, the court sustained appellees' joint motion for summary judgment. In the order, the court addressed the evidentiary objections, finding, in relevant part, that paragraphs 11 through 13 of Cahill's affidavit lacked foundation as Cahill was only "'generally familiar'" with Aimee's circumstances and his opinion was based upon information Deborah had relayed to him. Deborah was granted the right to visit Aimee where Aimee resided, subject to specific conditions set forth in the order. Deborah filed a notice of appeal on August 24. On February 3, 2016, this court granted Turner's motion for summary dismissal in part, concluding that the summary judgment order was not a final, appealable order because a request for attorney fees was still pending. See *In re Guardianship of Aimee S.*, 24 Neb. App. 230, 885 N.W.2d 330 (2016).

A hearing was held in the county court to determine whether appellants' petition for guardianship was frivolous and whether attorney fees owed the GAL's attorney should be paid by appellants. The GAL's attorney, Turner, Dempsey-Cook, Deborah, and June testified, as did a friend of Deborah's. The relevant portions of this proceeding will be discussed in detail, below.

On December 1, 2016, the county court entered an order finding that appellants' application was frivolous and approving attorney fees for the GAL's attorney. The court awarded attorney fees of $75,906.20 to be paid by Deborah. The December 1 order also appointed Dempsey-Cook as the permanent guardian of Aimee.

On December 6, 2016, Dempsey-Cook filed an application for fees. On December 8, appellants filed a motion to alter or amend the order of the county court. On December 16, a

- 388 -

Nebraska Court of Appeals Advance Sheets
26 Nebraska Appellate Reports
IN RE GUARDIANSHIP OF AIMEE S.
Cite as 26 Neb. App. 380

motion for attorney fees was made for services rendered to
Turner by her attorney. On January 13, 2017, Turner filed an
application and affidavit to recover fees in her own capacity as
the GAL. On May 23, the court entered a journal entry noting,
"Pending before the Court are a Motion to Alter or Amend,
Motions for Fees, Objections to the Fees, and Objection to the
Appointment of . . . Dempsey[-]Cook. . . . [M]atter . . . set [for]
an evidentiary hearing on . . . June 22, 2017."

On June 22, 2017, the court denied the motion to alter or
amend and set a hearing on August 9 to address the motions for
fees. On July 14, appellants filed a notice of appeal, appealing
the summary judgment and visitation orders of July 24, 2015,
and the order for attorney fees for the GAL's attorney.

Turner filed an amended application for allowance and pay-
ment of interim attorney fees on July 26, 2017. The next day,
the county court canceled the hearing on all fee applications,
finding that the appeal to this court filed by appellants meant
the county court was without jurisdiction to consider any of the
applications for fees.

On August 4, 2017, Turner filed a motion to reconsider,
arguing the court did not lose jurisdiction because appellants
filed an appeal from an order that did not comply with Neb.
Rev. Stat. § 25-1902 (Reissue 2016). Turner argued that this
court would find that it lacked jurisdiction to hear the appeal
filed by the appellants because there were pending motions for
attorney fees. On August 7, Dempsey-Cook also filed a motion
to reconsider, for the same reasons stated by Turner.

### III. ASSIGNMENTS OF ERROR

Appellants assert the court erred in finding Deborah was
not suited to be appointed as coguardian and coconservator
for Aimee and entering summary judgment against Deborah.
Appellants assert the court abused its discretion in finding
appellants' petition was frivolous and in awarding attorney
fees and costs for the attorneys representing the GAL. They
also assert the court erred in denying Deborah's motion to

- 389 -

Nebraska Court of Appeals Advance Sheets
26 Nebraska Appellate Reports
IN RE GUARDIANSHIP OF AIMEE S.
Cite as 26 Neb. App. 380

alter or amend without giving her the opportunity to argue the motion.

## IV. STANDARD OF REVIEW

[1] Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction. *Murray v. Stine*, 291 Neb. 125, 864 N.W.2d 386 (2015).

In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment was granted and gives that party the benefit of all reasonable inferences deducible from the evidence. *Thompson v. Johnson*, 299 Neb. 819, 910 N.W.2d 800 (2018).

[2,3] An appellate court reviews guardianship and conservatorship proceedings for error appearing on the record made in the county court. *In re Guardianship & Conservatorship of Barnhart*, 290 Neb. 314, 859 N.W.2d 856 (2015). When reviewing questions of law, an appellate court resolves the questions independently of the conclusion reached by the lower court. *Id.*

[4] A trial court's ruling in receiving or excluding an expert's opinion which is otherwise relevant will be reversed only when there has been an abuse of discretion. *Hike v. State*, 288 Neb. 60, 846 N.W.2d 205 (2014). A judicial abuse of discretion exists when a judge, within the effective limits of authorized judicial power, elects to act or refrains from action, but the selected option results in a decision which is untenable and unfairly deprives a litigant of a substantial right or a just result in matters submitted for disposition through the judicial system. *Liberty Dev. Corp. v. Metropolitan Util. Dist.*, 276 Neb. 23, 751 N.W.2d 608 (2008).

[5,6] On appeal, a trial court's decision allowing or disallowing attorney fees for frivolous or bad faith litigation will be upheld in the absence of an abuse of discretion. *SBC v. Cutler*, 23 Neb. App. 939, 879 N.W.2d 45 (2016). When

- 390 -

Nebraska Court of Appeals Advance Sheets
26 Nebraska Appellate Reports
IN RE GUARDIANSHIP OF AIMEE S.
Cite as 26 Neb. App. 380

attorney fees are authorized, the trial court exercises its discretion in setting the amount of the fee, which ruling we will not disturb on appeal unless the court abused its discretion. *In re Guardianship of Brydon P.*, 286 Neb. 661, 838 N.W.2d 262 (2013).

## V. ANALYSIS

### 1. Preliminary Issues

#### (a) Jurisdiction

Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction. *Murray v. Stine, supra*. We must determine whether the absence of a ruling on certain motions for attorney fees prevents us from acquiring jurisdiction over this appeal.

The county court ruled on appellees' motion for summary judgment on July 24, 2015, and the order was appealed. This court determined that the order was not final because the issue of the fees and costs requested by the attorneys for the GAL had not been resolved. See *In re Guardianship of Aimee S.*, 24 Neb. App. 230, 885 N.W.2d 330 (2016).

Following the dismissal of the previous appeal, the county court heard the request for attorney fees by the GAL's attorney on August 26 and 29, 2016. On December 1, the county court found appellants' application was frivolous and approved fees for the GAL's attorney. On December 6, Dempsey-Cook filed an application for fees. On December 8, appellants filed a motion to alter or amend the judgment. On December 16, the GAL's attorney's law firm filed a motion for attorney fees for services rendered to Turner. On January 13, 2017, Turner filed an application and affidavit to recover fees in her own capacity as the GAL.

On June 22, 2017, the county court denied appellants' motion to alter or amend and set a hearing on the motions for fees. Before the hearing took place, appellants filed a notice of appeal, and the county court determined it was without jurisdiction to rule on the pending motions for fees.

- 391 -

Nebraska Court of Appeals Advance Sheets
26 Nebraska Appellate Reports
IN RE GUARDIANSHIP OF AIMEE S.
Cite as 26 Neb. App. 380

Appellees argue that this court is without jurisdiction to consider this appeal because the three applications for fees filed by Dempsey-Cook, the GAL's attorney's law firm, and Turner were not ruled on prior to appellants' notice of appeal.

[7-9] Attorney fees, where recoverable, are generally treated as an element of court costs. *Murray v. Stine*, 291 Neb. 125, 864 N.W.2d 386 (2015). And an award of costs in a judgment is considered a part of the judgment. *Id.* The Nebraska Supreme Court has stated that a party seeking statutorily authorized attorney fees, for services rendered in a trial court, must make a request for such fees prior to a judgment in the cause. *Id.* When a motion for attorney fees for a frivolous action under Neb. Rev. Stat. § 25-824 (Reissue 2016) is made prior to the judgment, the judgment will not become final and appealable until the court has ruled upon that motion. See *Salkin v. Jacobsen*, 263 Neb. 521, 641 N.W.2d 356 (2002).

In *Murray v. Stine*, 291 Neb. at 127, 864 N.W.2d at 388, the Nebraska Supreme Court found it lacked jurisdiction "[b]ecause of unresolved motions for attorney fees." In that case, the motions for fees were filed after the motion for summary judgment, but before the ruling was made. *Id.*

Due to the nature of this case, there are a number of individuals who incur ongoing costs. If this court was not able to acquire jurisdiction until each of the pending applications for fees was resolved, no party would be able to successfully appeal the county court's order granting summary judgment. Upon our review, we find the summary judgment order became final and appealable after the issue of attorney fees for the GAL's attorney was resolved in the December 1, 2016, order. We note that the timeline of this case is complicated by appellants' motion to alter or amend the judgment; however, the relevant date for jurisdiction is the date of the judgment itself. Each of the pending fee applications was filed after the December 1 order, which distinguishes this case from *Murray v. Stine, supra.* Therefore, we find the applications for fees do not prevent this court from acquiring appellate jurisdiction.

- 392 -

Nebraska Court of Appeals Advance Sheets
26 Nebraska Appellate Reports
IN RE GUARDIANSHIP OF AIMEE S.
Cite as 26 Neb. App. 380

(b) Mootness

The petition filed by appellants sought removal of Hytrek, who resigned in 2014. Dempsey-Cook asserts that because no amended petition was filed, this appeal is moot.

[10] A case becomes moot when the issues initially presented in litigation cease to exist or the litigants lack a legally cognizable interest in the outcome of the litigation. *Simms v. Friel*, 25 Neb. App. 640, 911 N.W.2d 636 (2018).

Dempsey-Cook notes that the county court found the petition to be frivolous, in part, because it was never amended to include the name of or specific allegations regarding the guardian who succeeded Hytrek. The petition could have, and perhaps should have, been amended following Hytrek's resignation and the appointment of Dempsey-Cook as the temporary successor guardian. However, at the heart of this case is Deborah's request for the removal of Aimee's court-appointed guardian and her desire to be appointed, along with June, as Aimee's coguardians and coconservators. These issues were presented in the petition and remained at issue during the summary judgment proceedings. Therefore, we find this issue is not moot.

Dempsey-Cook also argues the standard for removal of a guardian pursuant to Neb. Rev. Stat. § 30-2616 (Reissue 2016). She specifically asserts that appellants did not allege or offer any evidence that it was in Aimee's best interests for Dempsey-Cook to be removed as guardian and that therefore, the summary judgment issue must be moot.

Section 30-2616 provides that a person may petition for removal of a guardian on the ground that removal would be in the best interests of the ward. We note that § 30-2616 relates to the removal of a guardian when the protected person is a juvenile. The relevant statutory section for removal of a guardian of an incapacitated person is Neb. Rev. Stat. § 30-2623 (Reissue 2016), which provides that "the court may remove a guardian and appoint a successor if in the best interests of the ward." There is no specific requirement in § 30-2623 that the

- 393 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
26 NEBRASKA APPELLATE REPORTS
IN RE GUARDIANSHIP OF AIMEE S.
Cite as 26 Neb. App. 380

issue of best interests related to a specific guardian must be pled. We find the issue is not moot simply because appellants did not plead Aimee's best interests in relation to Dempsey-Cook's service as successor guardian.

### (c) Standing

Appellants argue that neither the GAL nor the attorneys for the GAL had standing to bring the summary judgment proceeding or object to the affidavit of Cahill at the time of the hearing, "pursuant to the precedent in In re Guardianship of Brydon P., 286 Neb. 661, 838 N.W.2d 262 (2013)." Brief for appellants at 24. The cited case does not relate to the argument that appellants make and is distinguishable from this case, as it involved guardianship of a minor as defined in chapter 30, article 26, part 2, of the Nebraska Revised Statutes, rather than an incapacitated adult as defined in chapter 30, article 26, part 3, of the Nebraska Revised Statutes.

In their reply brief, appellants again argue that the GAL and her attorneys did not have standing to bring the summary judgment motion or object to the evidence at the hearing, this time referring to *In re Guardianship of Robert D.*, 269 Neb. 820, 696 N.W.2d 461 (2005). In that case, a GAL was appointed for a minor child when the child objected to the termination of a guardianship. The GAL sought clarification of his role, as he could have been appointed as an attorney for the child instead. The court stated that the GAL should also perform the duties of counsel for the child, which could include questioning witnesses. On appeal, the Nebraska Supreme Court stated that a GAL's duties are to investigate the facts and learn where the welfare of his or her ward lies and to report these facts to the appointing court. *Id.*, citing *Betz v. Betz*, 254 Neb. 341, 575 N.W.2d 406 (1998). The Supreme Court in *In re Guardianship of Robert D.* also stated, "A [GAL] may be an attorney, but an attorney who performs the functions of a [GAL] does not act as an attorney and is

- 394 -

Nebraska Court of Appeals Advance Sheets
26 Nebraska Appellate Reports
IN RE GUARDIANSHIP OF AIMEE S.
Cite as 26 Neb. App. 380

not to participate in the trial in an adversarial fashion such as calling or examining witnesses or filing pleadings and briefs." 269 Neb. at 833, 696 N.W.2d at 472, citing *Betz v. Betz, supra*.

*In re Guardianship of Robert D., supra*, addresses the role of a GAL appointed for a juvenile at trial in a guardianship proceeding. *Betz v. Betz, supra*, addresses the role of a GAL appointed for a juvenile in juvenile cases versus an appointed GAL's role at trial in a dissolution proceeding. Neither of these cases is directly applicable to the facts of this case.

Further, the Legislature has provided that a GAL has the ability to perform certain enumerated duties in certain cases. For example, Neb. Rev. Stat. § 43-272.01 (Reissue 2016) has long provided that a GAL in certain juvenile cases have certain duties, which may include filing petitions on behalf of juveniles, presenting evidence and witnesses, and cross-examining witnesses at all evidentiary hearings. See § 43-272.01(2)(a) through (h) (Reissue 2008). See, also, § 43-272.01(2)(a) through (h) (Reissue 1998). Recently, the Legislature created a statute enumerating a similar set of duties for a GAL in probate cases. See Neb. Rev. Stat. § 30-4203 (Reissue 2016). Section 30-4203 provides that a GAL appointed pursuant to the Nebraska Probate Code may "[c]onduct discovery, present witnesses, cross-examine witnesses, present other evidence, file motions, and appeal any decisions regarding the person for whom he or she has been appointed." Although § 30-4203 became effective in 2016 and is not controlling in this case, there was nothing in the statutes which explicitly prevented a GAL from performing these duties prior to § 30-4203. Further, § 30-4203 is informative of the role that guardians ad litem now play in the Nebraska courts.

We find the statutes and case law applicable to probate proceedings did not prevent the GAL or her attorneys from bringing the summary judgment proceeding or from objecting to evidence at the hearing.

- 395 -

Nebraska Court of Appeals Advance Sheets
26 Nebraska Appellate Reports
IN RE GUARDIANSHIP OF AIMEE S.
Cite as 26 Neb. App. 380

## 2. Summary Judgment

### (a) Court Did Not Err in Granting
### Summary Judgment

Appellants assert the county court erred in granting the GAL and successor guardian's joint motion for summary judgment.

[11,12] An appellate court will affirm a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Thompson v. Johnson*, 299 Neb. 819, 910 N.W.2d 800 (2018). In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment was granted and gives that party the benefit of all reasonable inferences deducible from the evidence. *Id.*

[13] Once the moving party makes a prima facie case, the burden shifts to the party opposing the motion to produce admissible contradictory evidence showing the existence of a material issue of fact that prevents judgment as a matter of law. *Sulu v. Magana*, 293 Neb. 148, 879 N.W.2d 674 (2016).

At the hearing on the motion for summary judgment, appellees offered several affidavits detailing Deborah's interactions with Aimee, as well as health care professionals' observations that Deborah has been unwilling or unable to act in Aimee's best interests. The administrator for Sunrise, where Aimee is admitted, stated her observation that Aimee and Deborah have a "co-dependency" that "stifle[s] Aimee's ability and desire" to make progress. She observed that Deborah ignored requests from the Sunrise administration regarding sanitation standards and the provision of certain restricted items to individuals in Sunrise's care.

The affidavits and reports included recommendations that Deborah not have visits with Aimee until Deborah has made her own progress in individual therapy. Appellees presented

- 396 -

Nebraska Court of Appeals Advance Sheets
26 Nebraska Appellate Reports
IN RE GUARDIANSHIP OF AIMEE S.
Cite as 26 Neb. App. 380

the results of Deborah's psychological evaluation, in which Peterson explicitly states her opinion that Deborah is "<u>not competent</u> to serve as [Aimee's] legal guardian." (Emphasis in original.) This evidence met the burden of proof for summary judgment, establishing that appellees were entitled to judgment if the evidence was uncontroverted at trial. Thus, the burden shifted to Deborah.

The only evidence appellants produced to rebut appellees' evidence was the affidavit of Deborah's therapist, Cahill, which the county court determined could not be considered in its entirety. Appellants assert the county court's ruling, excluding portions of Cahill's affidavit, was "erroneous." Brief for appellants at 28.

Objections were made by the attorneys for appellees on the basis that paragraphs 11 through 13 of Cahill's affidavit were hearsay, lacked proper foundation, and were not relevant. Specifically, appellees argued that Cahill's affidavit did not state the criteria upon which he based his opinion and that Cahill relied upon hearsay from Deborah to form his opinion. The court found that an expert can rely on hearsay to render an opinion, but for a court to receive an expert opinion, "the expert witness must possess competent facts and underlying data for their [sic] opinion."

Cahill stated in his affidavit that he was "generally familiar" with the situation involving Aimee and the circumstances of appellants' application. However, the court found the affidavit was lacking information that Cahill had reviewed Aimee's medical records or that he possessed or reviewed any other information, other than what was provided to him by Deborah.

Appellants assert that it was prejudicial error for the court to sustain the objections to paragraphs 11 through 13. They assert that the statements contained in paragraphs 5 through 10 were sufficient to establish foundation for Cahill's opinion that Deborah was qualified to serve as coguardian and coconservator for Aimee. They assert that if his affidavit had been

- 397 -

Nebraska Court of Appeals Advance Sheets
26 Nebraska Appellate Reports
IN RE GUARDIANSHIP OF AIMEE S.
Cite as 26 Neb. App. 380

received in its entirety, it would have "establishe[d] a genuine issue of material fact." Brief for appellants at 22.

Turner, the GAL for Aimee, submitted a supplemental brief requesting this court to consider a Nebraska Supreme Court opinion published after oral argument, *Freeman v. Hoffman-La Roche, Inc.*, 300 Neb. 47, 911 N.W.2d 591 (2018). Turner argues that Cahill's opinions were not supported by a generally accepted methodology and that Cahill's opinion about best interests was based upon "self-serving statements" of a third party, namely Deborah. Supplemental brief for appellee Turner at 3.

Appellants responded to Turner's supplemental brief, asserting that paragraphs 1 through 13 of Cahill's affidavit set forth his methodology for evaluating Deborah, whereas Peterson's affidavit and report do not contain adequate information regarding her methodology.

[14,15] The record shows that Peterson's affidavit was received without objection for purposes of the summary judgment hearing. Although appellants argue that "[their] counsel objected to . . . Peterson's Affidavit based upon relevancy at the time of the Summary Judgment hearing," the record does not support this assertion. Supplemental brief for appellants at 6. A litigant's failure to make a timely objection waives the right to assert prejudicial error on appeal. *In re Estate of Clinger*, 292 Neb. 237, 872 N.W.2d 37 (2015). Any challenge to the receipt of Peterson's affidavit is waived. Further, even if appellants had objected, they did not assign error to the receipt of Peterson's affidavit or argue the designation of Peterson as an expert witness in their initial brief. Errors not assigned in an appellant's initial brief are waived and may not be asserted for the first time in a reply brief. *Linscott v. Shasteen*, 288 Neb. 276, 847 N.W.2d 283 (2014). Making an argument for the first time in a supplemental brief, as in a reply brief, is improper. See *City of Lincoln v. County of Lancaster*, 297 Neb. 256, 898 N.W.2d 374 (2017), citing *Linscott v. Shasteen, supra*. Thus, we will not consider

- 398 -

Nebraska Court of Appeals Advance Sheets
26 Nebraska Appellate Reports
IN RE GUARDIANSHIP OF AIMEE S.
Cite as 26 Neb. App. 380

appellants' argument that Peterson's affidavit failed to set forth an adequate methodology.

[16] Paragraphs 5 and 6 of Cahill's affidavit state that he has provided counseling and therapy for Deborah "at intervals since 2001" and that he is "generally familiar with the situation involving Aimee." There is nothing in the affidavit to indicate that Cahill had any independent, personal knowledge of Aimee's condition, and thus, Cahill had no foundation upon which to assess Aimee's needs and Deborah's ability to meet her needs. Cahill had no basis from which to conclude what might be in Aimee's best interests. Conclusions based upon guess, speculation, conjecture, or choice of possibilities do not create material issues of fact for the purposes of summary judgment; the evidence must be sufficient to support an inference in the nonmovant's favor without the fact finder engaging in guesswork. *Sulu v. Magana*, 293 Neb. 148, 879 N.W.2d 674 (2016).

[17-19] It is within the trial court's discretion to determine whether there is sufficient foundation for an expert witness to give his or her opinion about an issue in question. See *Liberty Dev. Corp. v. Metropolitan Util. Dist.*, 276 Neb. 23, 751 N.W.2d 608 (2008). Expert testimony should not be received if it appears that the witness is not in possession of such facts as will enable the expert to express a reasonably accurate conclusion, and where the opinion is based on facts shown not to be true, the opinion lacks probative value. *Hike v. State*, 288 Neb. 60, 846 N.W.2d 205 (2014). A trial court's ruling in receiving or excluding an expert's testimony which is otherwise relevant will be reversed only when there has been an abuse of discretion. *Id.*

The county court did not err in finding that paragraphs 11 through 13 of Cahill's affidavit lacked proper foundation. Because the only evidence Deborah presented regarding her ability to serve as Aimee's coguardian or coconservator is inadmissible, appellants failed to meet their burden to produce

- 399 -

Nebraska Court of Appeals Advance Sheets
26 Nebraska Appellate Reports
IN RE GUARDIANSHIP OF AIMEE S.
Cite as 26 Neb. App. 380

admissible contradictory evidence creating a genuine issue of material fact to rebut appellees' prima facie case.

Appellants' "Petition for Removal of Guardian and Appointment of Successor Co-Guardians and Co-Conservators" set forth specific allegations that Hytrek's continued appointment as guardian was "no longer in the best interests of [Aimee]." Appellants sought removal of Hytrek pursuant to § 30-2616.

Section 30-2616 governs resignation or removal proceedings in cases involving guardians of minors. Appellants should have sought Hytrek's removal under § 30-2623, which provides, "On petition of the ward or any person interested in his welfare, the court may remove a guardian and appoint a successor if in the best interests of the ward." Even if appellants had sought removal of Aimee's guardian under § 30-2623, appellants did not amend their petition following the resignation of Hytrek, so the allegations in the petition did not pertain to the acting successor guardian, Dempsey-Cook. Although this does not make this issue moot, appellants failed to establish a basis for removal of the acting successor guardian. Further, as previously discussed, appellants were unable to provide evidence that Deborah was competent to serve as guardian and appellants offered no evidence that Dempsey-Cook was unfit or unable to perform the duties incumbent upon her. The record shows appellants failed to show that it was in Aimee's best interests to remove Dempsey-Cook as the temporary successor guardian.

We have considered the briefs and supplemental briefs and find, for the foregoing reasons, the county court did not err in granting the joint motion for summary judgment.

### (b) "[P]referred [I]ndividual" to Be Appointed as Guardian

Appellants argue that Deborah is a "preferred individual" to be appointed as guardian and/or conservator for Aimee under

- 400 -

Nebraska Court of Appeals Advance Sheets
26 Nebraska Appellate Reports
IN RE GUARDIANSHIP OF AIMEE S.
Cite as 26 Neb. App. 380

Neb. Rev. Stat. § 30-2627 (Reissue 2016). Brief for appellants at 26. Section 30-2627(a) provides that "[a]ny competent person" may be appointed guardian of a person alleged to be incapacitated and that nothing in this subsection prevents spouses, adult children, parents, or relatives of the person alleged to be incapacitated from serving in that capacity. Subsection (b) of § 30-2627 provides that persons who are not disqualified by subsection (a) of § 30-2627 and who exhibit the ability to exercise the powers to be assigned by the court have priority in the order listed. Section 30-2627(b)(4) allows a parent to serve as a guardian.

However, as previously stated, Deborah's psychological evaluation explicitly states Peterson's opinion that Deborah is "not competent to serve as [Aimee's] legal guardian." (Emphasis in original.) In the absence of evidence to contradict Peterson's opinion, Deborah could not meet the listed qualifications for an appropriate guardian under § 30-2627(a). Therefore, she does not have priority to be appointed under § 30-2627(b).

### (c) "Limited Evidence" to Support Summary Judgment

Appellants assert the court erred in finding Deborah was not suited to be appointed as coguardian and coconservator for Aimee, "based upon the limited evidence before the county court." Brief for appellants at 24-25. Appellants state that the summary judgment was based upon the affidavits of Troyer and Peterson, whose opinions are "filled with information provided to them by third parties for the purpose of expressing their opinions, without the benefit of cross-examination." *Id.* at 25.

Appellants liken the affidavits of Troyer and Peterson to the affidavit of Cahill. However, the distinction is that Cahill's affidavit seemed to be supported only by his interaction with Deborah and the information she provided him about Aimee. Conversely, Peterson's affidavit was based upon her personal observations of and information received during

- 401 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
26 NEBRASKA APPELLATE REPORTS
IN RE GUARDIANSHIP OF AIMEE S.
Cite as 26 Neb. App. 380

Deborah's psychological evaluation. Troyer's affidavit was based upon observations and information received through his personal interactions with Aimee and Deborah in family therapy, as well as his review of the psychological evaluation completed by Peterson, a fellow medical professional. Because portions of Cahill's affidavit were excluded, the affidavits of Troyer and Peterson were the only admissible, relevant evidence regarding Deborah's capability to be Aimee's guardian. Appellants did not meet their burden of proof to show a genuine issue of material fact, and therefore, the court did not err in granting summary judgment based upon the evidence before it.

### (d) Opportunity to
### Cross-Examine Witnesses

Appellants argue that Deborah was not given the opportunity to cross-examine Troyer or Peterson regarding the statements in their affidavits and whether the conclusions were supported by the facts.

[20] Appellants never requested a continuance for the purpose of deposing Troyer or Peterson, nor did they ask the court for an in-court evidentiary hearing. Appellants did not object to Peterson's affidavit for purposes of the summary judgment motion. Appellants did not object to Troyer's affidavit on grounds that there was no opportunity to depose or cross-examine him. An issue not presented to or decided by the trial court is not appropriate for consideration on appeal. *Wayne L. Ryan Revocable Trust v. Ryan*, 297 Neb. 761, 901 N.W.2d 671 (2017). A litigant's failure to make a timely objection waives the right to assert prejudicial error on appeal. *In re Estate of Clinger*, 292 Neb. 237, 872 N.W.2d 37 (2015).

### (e) Best Interests

Appellants assert that the county court erred in making a determination of the best interests of Aimee on a summary judgment basis and in dismissing Deborah's petition and

- 402 -

Nebraska Court of Appeals Advance Sheets
26 Nebraska Appellate Reports
IN RE GUARDIANSHIP OF AIMEE S.
Cite as 26 Neb. App. 380

appointing Dempsey-Cook as guardian. Appellants acknowledge that the motion for summary judgment sought a finding that it was not in Aimee's best interests for Deborah to be appointed. Appellants then state that the county court "never got to the issue of the best interests of Aimee," because the only evidence offered pertained to Deborah's qualification to serve as guardian. Brief for appellants at 29. It is puzzling for appellants to assert that the court made a determination regarding best interests, and then state that the court never reached this issue. Nonetheless, it appears appellants' argument is that requiring appellants to present the evidence of their entire case on summary judgment gives appellees an unfair advantage at trial. Specifically, appellants argue that the motions for summary judgment were intended to force:

> Deborah . . . to give up all her evidence in support of her Petition prior to trial to the opposing side through affidavit and give the moving parties the unfair opportunity to attempt to contradict all such evidence at trial. Deborah . . . should not be required to give such an advantage to the opposing side.

*Id.* at 29.

Appellants argue that Deborah provided sufficient evidence on the issue of her competence and qualifications to establish a genuine issue of material fact, "which was all that was required of her at the time of the hearing on the Summary Judgment." *Id.* at 30. Although it is true that appellants were required to establish only a genuine issue of material fact, the record shows that they failed to present sufficient evidence to meet their burden of proof. If Deborah was unable to present any evidence at the summary judgment hearing to support her assertion that she is a competent and qualified person to be Aimee's guardian, then it stands to reason that it is not in Aimee's best interests for Deborah to be appointed as her guardian.

As part of appellants' argument that the court relied upon limited information in determining Deborah was not suitable to be appointed, appellants argue that Deborah "never got

- 403 -

Nebraska Court of Appeals Advance Sheets
26 Nebraska Appellate Reports
IN RE GUARDIANSHIP OF AIMEE S.
Cite as 26 Neb. App. 380

the opportunity to present her evidence to the County Court concerning her qualifications to serve as Co-Guardian and Co-Conservator for [Aimee]." *Id.* at 25. However, this is not an accurate statement. When given the opportunity to present evidence, appellants offered exhibit 16, which was objected to by the GAL and the guardian on hearsay, relevance, and foundation grounds. After a discussion, the court took exhibit 16 under advisement, stating that it would be reviewed and the ruling on the exhibit would be in the court's order. When given the opportunity to do so, appellants offered no further evidence.

It appears that appellants made a strategic decision to be selective in the testimony they offered in opposition to appellees' summary judgment motion. As a result, when the portions of Cahill's affidavit which were crucial to appellants' theory of the case were excluded, appellants were left with no other competent, admissible evidence to rebut the evidence presented by appellees. Nothing prevented appellants from offering additional evidence at the hearing to show why Deborah should be reappointed as Aimee's guardian, but they chose not to do so.

[21] Generally, a party cannot complain of error which the party has invited the court to commit. *Becher v. Becher*, 299 Neb. 206, 908 N.W.2d 12 (2018). Appellants were on notice that Aimee's best interests were at issue in appellees' summary judgment motion. Appellants had the opportunity to present any evidence regarding Deborah's qualifications and Aimee's best interests, but, after presenting only Cahill's affidavit, appellants either had no further evidence or chose to reserve any additional evidence for trial. We find this assignment of error fails.

### 3. Frivolous Petition

Appellants argue the court abused its discretion in finding appellants' petition was frivolous and in awarding attorney fees to the GAL's attorney.

- 404 -

Nebraska Court of Appeals Advance Sheets
26 Nebraska Appellate Reports
IN RE GUARDIANSHIP OF AIMEE S.
Cite as 26 Neb. App. 380

### (a) Petition Was Frivolous

[22] Section 25-824(2) provides generally that a court can award reasonable attorney fees and court costs against any attorney or party who has brought or defended a civil action that alleges a claim or defense that a court determines is frivolous or made in bad faith. In the context of § 25-824, a frivolous action is one in which a litigant asserts a legal position wholly without merit; that is, the position is without rational argument based on law and evidence to support the litigant's position. *TFF, Inc. v. SID No. 59*, 280 Neb. 767, 790 N.W.2d 427 (2010). The term "frivolous" connotes an improper motive or legal position so wholly without merit as to be ridiculous. *Id.*

Appellants argue that the fact that Deborah filed for reappointment as coguardian and coconservator does not make the proceeding frivolous. The record shows that the county court's reasoning for finding the petition was frivolous was not solely based upon the fact that Deborah had been previously appointed as guardian and had relinquished her role.

Section 30-2623 states that a court may remove a guardian and appoint a successor if it is in the best interests of the ward. In its order, the county court listed the nine allegations appellants asserted in their petition in support of their claim that Hytrek's continued appointment as guardian was not in Aimee's best interests. The court found the petition to be frivolous because, based on her testimony, Deborah had no information to substantiate the claims in the petition that Hytrek was not acting in Aimee's best interests. Deborah did not have frequent contact with Hytrek, she did not know whether there was a care plan in place for Aimee, and she did not express any concerns about Hytrek to Hytrek or the staff at Sunrise, Aimee's place of residence. There is ample evidence that the allegations against Hytrek were not brought in good faith, but, rather, they were brought because any appointed guardian would need to be removed before Deborah herself could be reappointed. After Hytrek resigned as guardian,

- 405 -

Nebraska Court of Appeals Advance Sheets
26 Nebraska Appellate Reports
IN RE GUARDIANSHIP OF AIMEE S.
Cite as 26 Neb. App. 380

Dempsey-Cook was appointed to replace her, but the petition was never amended to include specific allegations regarding Aimee's best interests as they related to Dempsey-Cook.

Upon the joint motion for summary judgment filed by appellees, appellants provided no credible evidence that it was in the best interests of Aimee to have Hytrek or Dempsey-Cook removed. In addition, as previously discussed, appellants did not present any credible evidence that Deborah was competent to serve as coguardian.

Further, appellants provided no evidence at all that June was competent to serve as coguardian. June became involved in this case at the request of Deborah, when "[s]he realized that she couldn't do it alone any more, and she wanted to have someone to do it with her." The evidence shows the information June had about Aimee's condition was received secondhand, from Deborah. The evidence shows that the information that Deborah provided to June was not accurate, especially with regard to the condition Aimee was in when Deborah relinquished her role as guardian in 2011.

The record indicates that Deborah made little or no progress toward becoming an effective guardian between relinquishing her role in 2011 and filing the petition in 2013. The county court's order indicates that Deborah knew, or should have known, that her lack of progress would disqualify her from being appointed again at that time, and thus, the petition was frivolous.

Deborah testified that the role of guardian is to do what the ward desires. During the time Deborah acted as Aimee's guardian, Deborah acquiesced to Aimee's desires and Aimee's condition deteriorated to the point that Aimee had not bathed in 2 years, she refused to leave her apartment, and she did not engage in the activities of daily living. The court noted that Deborah's philosophy is what "got Aimee into the condition she was in when she was taken by police to [the hospital] on January 22, 2011." Aimee was found screaming in her apartment, and when she was admitted to the hospital, she

- 406 -

Nebraska Court of Appeals Advance Sheets
26 Nebraska Appellate Reports
IN RE GUARDIANSHIP OF AIMEE S.
Cite as 26 Neb. App. 380

was psychotic, disoriented, and malnourished and her personal hygiene was "badly neglected." These events led to a report to Adult Protective Services, and ultimately, Deborah relinquished her role as guardian of Aimee. Deborah was placed on the "Central Registry," a list for those who have been proved or are suspected to be neglectful or abusive of vulnerable adults. After a review of the case, the record was amended, Deborah's name was removed from the registry, and the record was expunged. The court noted that Deborah struggled with the dual role of being Aimee's mother and her guardian, and it found that for Deborah to be "re-appointed Aimee's Guardian or Co-Guardian, she would have to have overcome the issues that prevented her from meeting Aimee's needs" when she was the guardian.

The psychological evaluation conducted by Peterson shows that Deborah does not currently have the skills to be Aimee's guardian or coguardian, and Peterson stated that Deborah is not competent to serve. It is true that in previous proceedings the court stated that Deborah could apply to be reappointed, but the county court found that it "should be apparent" that if Deborah was the subject of a petition to remove her as Aimee's guardian, then she should address and resolve the issues that led to the petition's being filed before she could be considered for reappointment. The court found that Deborah had not corrected these issues, and this contributed to the court's finding that the petition to remove Hytrek was frivolous.

Appellants had no evidence to support the allegations contained in their petition seeking removal of Hytrek, nor did they have a basis in either fact or law for the removal of Dempsey-Cook. Furthermore, Deborah had not taken any steps to remedy the shortcomings that led to the filing of the petition for her removal as Aimee's guardian. Because appellants' position was without rational argument based on law and evidence, the petition was frivolous and the county court did not err in so finding.

- 407 -

Nebraska Court of Appeals Advance Sheets
26 Nebraska Appellate Reports
IN RE GUARDIANSHIP OF AIMEE S.
Cite as 26 Neb. App. 380

(b) Award of Attorney Fees

[23] On appeal, a trial court's decision allowing or disallowing attorney fees for frivolous or bad faith litigation will be upheld in the absence of an abuse of discretion. *Central Neb. Pub. Power Dist. v. North Platte NRD*, 280 Neb. 533, 788 N.W.2d 252 (2010).

In determining the amount of "a cost or an attorney's fee award" pursuant to § 25-824, the court shall exercise its sound discretion. Neb. Rev. Stat. § 25-824.01 (Reissue 2016). When granting an award of attorney fees and costs, the court shall specifically set forth the reasons for such award. In determining whether to assess attorney fees and costs and the amount to be assessed against offending attorneys and parties, the court considers a number of factors, including, but not limited to, the 10 factors listed in § 25-824.01. This court found that the petition was frivolous, pursuant to § 25-824.01(1) through (3), (5) through (7), and (10), and that the GAL's attorney fees should be paid by appellants. Specifically, the court found that Deborah should be responsible for the fees, because June joined the petition as a friend of Deborah and June was unaware of many of the crucial details of this case.

The evidence shows that appellants failed to make an effort to determine the validity of their claims; failed to amend the petition to reflect the resignation of Hytrek; and failed to dismiss the claims, which were found to be invalid. The court ruled against Deborah in many material motions in this case. Each of these factors support the court's imposition of reasonable attorney fees and costs of Turner's counsel.

Appellants argue Deborah should not be held responsible for attorney fees for the attorney representing the GAL, because, they assert, Turner exceeded the scope of her role in these proceedings. Appellants cite case law regarding the role of a GAL in juvenile court, acknowledging that Nebraska law has been modified by statute, specifically allowing a GAL to conduct discovery, present and cross-examine witnesses, present other evidence, file motions, and appeal any decisions regarding the

- 408 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
26 NEBRASKA APPELLATE REPORTS
IN RE GUARDIANSHIP OF AIMEE S.
Cite as 26 Neb. App. 380

person for whom he or she has been appointed. As previously discussed, the cases cited by appellants involve juveniles, rather than an incapacitated adult. Neb. Rev. Stat. § 30-2620.01 (Reissue 2016) provides for the "reasonable fees and costs" of an attorney, a GAL, a physician, and a visitor appointed by the court for the person alleged to be incapacitated, which may be assessed against a petitioner upon a showing that the action was frivolous.

At the hearing on August 22 and 29, 2016, Turner testified that this is "by far one of the more time-consuming and complex cases" she has been involved in due, in part, to the number of motions to respond to and the "litigious nature of the parties in trying to just ensure the best interest of the ward is being met." We found, above, that the county court did not abuse its discretion in determining that the petition was frivolous. Due to the ongoing nature of this case, and the numerous overlapping proceedings, we find the court could reasonably conclude that a GAL's attorney fees are included in the definition of "reasonable fees and costs" incurred by an appointed GAL. We affirm the county court's award of attorney fees.

Appellants also argue that the county court made an error of law concerning the source of fees and costs for the GAL and that "the only way for the attorneys for the [GAL] to be paid for their services was for the County Court to assess attorney's fees and costs against Deborah . . . on the basis of a frivolous proceeding." Brief for appellants at 35. As previously discussed, the GAL's fees were within the scope of reasonable fees and costs incurred as a result of this proceeding, which was determined to be frivolous. To the extent that appellants argue that they should not have to reimburse the county for the fees already paid, this alleged error was not specifically assigned and specifically argued, and therefore, we will not address it. See *Fetherkile v. Fetherkile*, 299 Neb. 76, 907 N.W.2d 275 (2018) (to be considered by appellate court, alleged error must be both specifically assigned and specifically argued in brief of party asserting error).

- 409 -

Nebraska Court of Appeals Advance Sheets
26 Nebraska Appellate Reports
IN RE GUARDIANSHIP OF AIMEE S.
Cite as 26 Neb. App. 380

## (c) Denial of Motion to
## Alter or Amend

Appellants assert that Deborah was denied substantive and procedural due process, because their motion to alter or amend was overruled without a hearing, and that appellants were denied substantive and procedural due process, because the motion was not heard by the same judge who heard the matter and issued the orders of July 24, 2015, and December 1, 2016.

In support of their argument, appellants cite *Newman v. Rehr*, 10 Neb. App. 356, 630 N.W.2d 19 (2001), in which the issue was whether a replacement or substitute judge may enter the judgment that the former judge indicated he or she would have entered. This case is distinguishable. The record shows that Judge Susan M. Bazis presided over the hearings on appellees' summary judgment and fee motions. She decided each of these motions and entered orders and judgments accordingly.

Judge Marcena M. Hendrix presided over the hearing on March 27, 2017. At a hearing on May 23, Judge Derek R. Vaughn informed the parties that Judge Stephanie S. Shearer would be the permanent judge in this case. At the hearing on June 22, Judge Shearer stated she would be assuming Judge Bazis' caseload, including this case, going forward. During that hearing, Judge Shearer stated that she had reviewed the record and the findings of Judge Bazis and determined that she did not need to hear argument on appellants' motion to alter or amend. At that point, the motion was overruled. Appellants cite no case law to support their position that a motion to alter or amend cannot be ruled on by a judge other than the judge who entered the judgment.

Appellants assert that they were "unfairly surprised" by Judge Shearer's ruling on the motion, because they had been "advised that no substantive matters would be addressed at that hearing." Brief for appellants at 39. Appellants cite no case law for the proposition that it is a violation of procedural or

substantive due process to overrule a motion without receiving oral argument, and we know of no authority requiring a judge to hold a hearing on a motion to alter or amend. Thus, we find the court's decision to rule on the motion to alter or amend at the June 22, 2017, hearing without allowing further argument on the motion does not violate appellants' substantive and procedural due process rights.

## VI. CONCLUSION

We find the county court did not err in granting appellees' joint motion for summary judgment or in overruling appellants' motion to alter or amend. We find the court did not abuse its discretion in finding appellants' petition was frivolous or in awarding attorney fees. We therefore affirm the judgment of the county court.

AFFIRMED.